R. WILBUR SMITH et al., Appellants, v. THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents.

Third Department, November 13, 1959.

*Joe Schapiro* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*David Belkin, Paxton Blair* and *Edward R. Amend* of counsel), for the People of the State of New York, respondent.

*Morse E. Ames* for Village of De Ruyter, respondent.

REYNOLDS, J. Appeal from a judgment in an action to determine the title to real property under article 15 of the Real Property Law which determined that the State of New York has the title to the property in question.

The property involved here is the southerly portion of a piece of land generally known as the Big Island and located in the De Ruyter Reservoir. There is a dispute as to whether this land is really an island or a peninsula, it having been shown that it is surrounded on three sides by water but that there is dry land between it and the mainland except in the Spring when this connecting strip is covered at times by up to two feet of water. Before appropriations were made by the State in 1861 for the De Ruyter Reservoir the land which now makes up the Big Island was part of two separate parcels of farm land, title to the southerly portion which is here involved being in one Eleazer Swetland. From the map filed with the award made to Swetland and from the master map of the proposed reservoir it appears that 76.71 acres were taken from Swetland with 75.66 acres of this being within the expected flow line and the remainder between the flow line and the Blue Line. The anticipated shore line of what is now known as Big Island is outlined on the award map with a broken red line and clearly lies within the Blue Line. After the appropriation conveyances of the remainder of the Swetland farm referred to its eastern boundary as the New York State Reservoir, thus neither specifically including nor excluding the land here in question. The first reference in the appellants' chain of title to the Big Island is a conveyance in 1923 of this specific property from one Roy Flick to the Cortland Y. M. C. A. The appellants received a quit claim deed to this property from the Y. M. C. A. in 1954. The appellants introduced testimony indicating that as early as 1903 the owners of what was originally the Swetland farm used the southern portion of the Big Island for haying and the owner of that property from 1918 to 1921 testified that he supposed that it went with the farm land.

The appellants contend that the property known as the Big Island was not part of the land appropriated by the State for the De Ruyter Reservoir. The award map of the land appro-

priated from Swetland shows the Red Line which was the expected flow line of the reservoir and the Blue Line or boundary of the land appropriated. The Big Island which lies within both the Red and Blue Lines is outlined by a broken red line indicating that the State was aware that this land would be above the flow line of the reservoir. As the court below pointed out, if this piece of land was not part of the appropriation then a Blue Line would have appeared on the map within this broken Red Line. Section 24 of the Canal Law provides that such award maps are presumptive evidence of the State's ownership of the lands described therein and this presumption has not here been overcome. The fact that the area between the mainland and the island as depicted on the award map is not covered by water the year around does not overcome the presumption since that area was shown to be under water at certain times. Likewise, the conveyances of the remaining Swetland property which make no specific reference to the Big Island until the specific conveyance of just this land in 1923, some 50 years later, do not overcome the presumption.

The appellants also base their claim to title on adverse possession. The doctrine of adverse possession is based on the presumption of a lost grant and where the State holds lands in trust for the public or for a public use and the lands are inalienable, title to these lands may not be gained through adverse possession because a grant may not be presumed (*Burbank* v. *Fay*, 65 N. Y. 57; *People* v. *Baldwin*, 197 App. Div. 285, affd. 233 N. Y. 672; *Banner Milling Co.* v. *State of New York*, 117 Misc. 33, mod. 210 App. Div. 812, affd. 240 N. Y. 533). Article XV of the State Constitution prohibits the disposal of any canal lands except those which are no longer necessary to the canal system and such lands may only be abandoned pursuant to a procedure set up by the Legislature in sections 50 and 51 of the Canal Law. There has been no such abandonment of the property here involved, and since no grant of the property could have been made the appellants' claim to title by adverse possession must fail.

The judgment should be affirmed, with costs.

FOSTER, P. J., BERGAN, GIBSON and HERLIHY, JJ., concur.

Judgment affirmed, with costs.