[629 NYS2d 509]

IAN T. HANIGAN et al., Appellants, v STATE OF NEW YORK et
al., Respondents.

Third Department, July 13, 1995

### APPEARANCES OF COUNSEL

*Bartlett, Pontiff, Stewart & Rhodes, P. C.,* Glens Falls *(Malcolm B. O'Hara* of counsel), for appellants.

*Dennis C. Vacco, Attorney-General,* Albany *(Val Washington, Peter H. Schiff* and *James A. Sevinsky* of counsel), for State of New York, respondent.

*Bacas & Krogmann,* Glens Falls *(David B. Krogmann* of counsel), for Town of Lake Luzerne, respondent.

### OPINION OF THE COURT

CASEY, J.

In this action, plaintiffs claim ownership of a parcel of real property in the Town of Lake Luzerne, Warren County, which entirely contains Stewart Pond, a body of water approximately 28 acres in size. A Town highway, known as Hall Hill Road, extends some distance into plaintiffs' property and at one point borders upon or near the shoreline of Stewart Pond. The road stops on plaintiffs' property at a point approximately 400 feet north of and past the overflow culvert of the pond. It is generally agreed that the road is a highway by use *(see,* Highway Law § 189) and the Town concedes that it has no deeded interest in the road or Stewart Pond.

In April 1991 several anglers, who had gained access to Stewart Pond via Hall Hill Road and who were fishing from small craft that they had brought there, refused plaintiffs' request to leave. Their refusal prompted plaintiffs to contact

the State Police and defendant Department of Environmental Conservation (hereinafter DEC) in an effort to have the anglers removed as trespassers. The police refused to act based on the view of DEC that Stewart Pond was open to the public as a navigable waterway and subject to the public's right of navigation.

Plaintiffs thereupon commenced this action pursuant to RPAPL article 15 seeking, *inter alia,* declaratory relief. Although plaintiffs initially sued only defendant State of New York and DEC (hereinafter collectively referred to as the State), the Town obtained permission to intervene on behalf of its residents, claiming that Stewart Pond is a navigable body of water which the public has a common-law right to use for recreational purposes, as the townspeople have done in the past. Plaintiffs also obtained a preliminary injunction from Supreme Court which prevented public use of Stewart Pond during the pendency of this action.

After issue was joined, plaintiffs and the State moved for summary judgment. Supreme Court denied plaintiffs' motion and granted summary judgment dismissing the complaint against the State. As to the Town, the court stated that "there are issues of fact concerning the navigability of the waters of the subject pond and more particularly there are issues of fact concerning plaintiff[s'] claim of exclusive ownership of the riparian rights to Stewart Pond". Plaintiffs' motion for reargument was denied and plaintiffs appeal.

RPAPL 1501 (1) provides that a person who claims an interest in real property "may maintain an action against any other person, known or unknown * * * to compel the determination of any claim adverse to that of the plaintiff which the defendant makes, or which it appears from the public records, or from the allegations of the complaint, the defendant might make". An action pursuant to RPAPL article 15 can be maintained by or against the State (RPAPL 1541). Considering the nature of the State's rights and obligations regarding navigable waters and the lands located thereunder *(see, Illinois Cent. R. R. v Illinois,* 146 US 387, 452-453), we conclude that the State's interest in Stewart Pond as navigable waters is a sufficient interest for the purposes of an RPAPL article 15 action *(cf., Niagara Falls Power Co. v White,* 292 NY 472, 480).

■ The State contends that there is no justiciable controversy as to it because it has not claimed any right or interest in Stewart Pond. According to the State, the proper defen-

dants are those members of the public who have actually asserted the common-law right of public entry on navigable waters by fishing on Stewart Pond. The anglers would clearly be proper defendants in a trespass action *(see, e.g., Adirondack League Club v Sierra Club,* 201 AD2d 225, *appeal dismissed* 84 NY2d 978), but that does not necessarily preclude plaintiffs from pursuing the remedy provided by RPAPL article 15 against the State. Regardless of whether the State has formally asserted a claim that Stewart Pond is navigable and open to public use, this action against the State is proper if it appears from the public records, or from the allegations of the complaint, that the State might make such a claim *(see,* RPAPL 1501 [1]).

The complaint alleges that State law enforcement personnel refused to enforce plaintiffs' rights in Stewart Pond based upon advice from other State agents or employees that Stewart Pond is or may be open to the public as navigable waters. As explained in an affirmation of a DEC official, DEC "has adopted an enforcement guidance policy which advises law enforcement officers to refrain from initiating criminal trespass prosecutions in the case of citizens who are engaged in what appears to be lawful exercise of the public right of passage on navigable waters of the [S]tate". It is undisputed that law enforcement personnel refused plaintiffs' request for assistance on the basis of DEC's "enforcement guideline policy". It is clear, therefore, that the State, through its officers, agents and employees, has taken certain action with regard to the public's right to use Stewart Pond as a navigable body of water, and the State's action is adverse to the interest claimed by plaintiffs. It is also significant that while the State asserts that it has made no claim regarding Stewart Pond, its answer specifically denies the allegation in plaintiffs' complaint that defendants have no just claim to an interest in the property. In these circumstances, we conclude that there is a sufficiently justiciable controversy between plaintiffs and the State defendants to permit an RPAPL article 15 action to resolve the adverse claims regarding plaintiffs' right to exclude the public from Stewart Pond.

The public right to use navigable waters does not entitle the public to cross private land for access to navigable waters *(see, Stewart v Turney,* 237 NY 117). Plaintiffs submitted evidentiary proof in admissible form *(see, Zuckerman v City of New York,* 49 NY2d 557) that they own all of the land under and around Stewart Pond, which would make the pond inac-

cessible to the public regardless of whether it is navigable. There is no dispute as to plaintiffs' title to the land, but there is some evidence in the record that Hall Hill Road abuts the shoreline. Although, as explained hereafter, the public road can, in and of itself, give no right to the public to use Stewart Pond, the potential public access requires us to consider the navigability issue.

It is undisputed that the pond is small. There is no claim that any of its feeder streams or its outflow is navigable. Nor is there any claim that the pond has been or could be used for the purpose of "transporting, in a condition fit for market, the products of the forests or mines, or of the tillage of the soil upon its banks", which is the traditional standard for determining navigability *(Morgan v King,* 35 NY 454, 459). Rather, the evidence establishes that the actual and potential use of the pond is limited to recreation.

We agree with plaintiffs that the evidence of recreational use in this case is insufficient to create a question of fact on the issue of navigability. In *Adirondack League Club v Sierra Club* (201 AD2d 225, *supra),* we held that in determining navigability the recreational use of a body of water "should be considered as relevant evidence of the stream's suitability and capacity for commercial use" *(supra,* at 230). Accordingly, the fact that canoes successfully traveled the South Branch of the Moose River for substantial distances was a relevant consideration in determining the stream's suitability and capacity for commercial transportation which, when coupled with evidence of historical use of the stream for logging, established the stream's navigability *(supra,* at 230-231).* In contrast, the canoes and small boats that used Stewart Pond traveled nowhere, and there is no evidence of any historical use of the pond for commercial purposes. The mere fact that a small pond, with no navigable inlet or outlet, has been used to float canoes and small boats for purely recreational purposes is, in our view, insufficient to demonstrate that the pond has any capacity or suitability for commercial transportation. The

---

* The decision in *Adirondack League Club v Sierra Club (supra)* did not alter the established standard for determining navigability so as to permit a determination of navigability based solely upon a waterway's suitability and capacity for recreational use. Rather, we expressly adhered to the traditional commercial use standard and held only that a waterway's use for recreational purposes can, in an appropriate case, be relevant evidence on the issue of the waterway's suitability and capacity for trade, travel and commerce.

existence or absence of termini at and from which the public may enter and leave a waterway may be considered on the issue of the waterway's navigability *(see, Fairchild v Kraemer,* 11 AD2d 232, 235). Here, it is undisputed that plaintiffs hold title to all of the land around Stewart Pond. Even if the public can access the pond from the public highway, as claimed by the Town, the absence of a second access is further evidence that the pond is not suitable for trade, commerce or travel. We conclude that the record is devoid of any evidence to demonstrate that Stewart Pond is navigable in fact.

It is undisputed that plaintiffs own the land under Stewart Pond and, based upon the lack of any evidence to demonstrate that Stewart Pond is navigable, it is clear that the public has no common-law right to use the waters of Stewart Pond. Thus, the question of whether the public highway affords access to Stewart Pond has been rendered academic by our holding on the navigability issue, for the public highway and right-of-way easements do not include the right of the public to use plaintiffs' private land *(see, Heyert v Orange & Rockland Utils.,* 17 NY2d 352). Plaintiffs, therefore, are entitled to a judgment declaring the validity of their claim to Stewart Pond and declaring the invalidity of defendants' claim *(see,* RPAPL 1521 [1]).

CARDONA, P. J., MIKOLL, WHITE and SPAIN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, plaintiffs' motion granted, defendants' motion denied, summary judgment awarded to plaintiffs and it is declared that plaintiffs are the owners of the real property described in Exhibit A of plaintiffs' complaint, including Stewart Pond which is a nonnavigable body of water, plaintiffs' claim that they have the right to exclude the public from their private land, including Stewart Pond, is valid, and any claim that the public has a common-law right to use Stewart Pond is invalid and defendants are forever barred from asserting such a claim.