■ JOHN A. RODRIGUES, Respondent, v CATSKILL REVITALIZATION CORPORATION, INC., Appellant. [755 NYS2d 743] —Carpinello, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered July 25, 2001 in Delaware County, which granted plaintiff's motion for a preliminary injunction and denied defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff owns a parcel of property in the Town of Roxbury, Delaware County, which borders a former railroad bed. Since 1976, a fence has been erected along what plaintiff considered to be the easternmost boundary of the property and encloses an area approximately 10 feet wide and 600 feet long (hereinafter the disputed strip). Moreover, since the early 1980s, trees planted by plaintiff have lined the western side of the fence to provide privacy for plaintiff's property. In 1987, defendant, a not-for-profit corporation, acquired title to the railroad right-of-way, which included the disputed strip, from the Catskill Rail Committee, a consortium of seven towns. Defendant uses the property to operate a recreational rail ride on the otherwise defunct train tracks, as well as for hiking, biking, cross-country skiing and horseback riding. The property was acquired pursuant to special legislation enacted by the Legislature authorizing the conveyance, with or without consideration, and subject "to a special limitation that in the event that the real property is no longer used for the operation of a recreational rail ride or to provide recreational or park facilities for the use and benefit of the public, the premises described shall revert to [the seven towns making up the committee] to be used as public park land" (L 1987, ch 112, § 1). By similar language, the deed to defendant provides that the conveyance is conditioned upon the land being used for the benefit of the public.

Shortly after acquiring the property, defendant, concerned with visibility problems for its trains at grade crossings, requested that plaintiff remove certain trees that were encroaching on its property. While plaintiff removed some trees, he failed to abide by an alleged agreement to trim and/or remove others. Following an accident in which a motorist was struck by a train, defendant informed plaintiff that it would take affirmative steps to remove the trees, prompting plaintiff to commence the instant RPAPL article 15 proceeding to quiet title. Plaintiff claims that he adversely possessed the disputed strip from defendant during the period from 1987 through 1997.

In response to plaintiff's motion for a preliminary injunction preventing defendant from removing any of his trees, defendant cross-moved for summary judgment dismissing the complaint. Succinctly stated, defendant argued that its status as a quasimunicipal corporation holding the disputed strip in trust for a public purpose precluded it from being acquired by adverse possession. Defendant now appeals from Supreme Court's order granting plaintiff the preliminary injunction and denying it summary judgment.

In our view, the dispositive issue in this case is not whether defendant is a quasimunicipal entity but, rather, whether the land at issue is the subject of a public trust. In authorizing its sale from the Catskill Rail Committee to defendant, the Legislature imposed an express limitation on the property, namely, if the property was no longer used for recreational or park purposes by the general public, title would revert to the seven towns which had comprised the committee. Indeed, the deed to defendant memorializes this restriction on title. Consequently, defendant can never convey fee simple title free of this restriction.

As noted in *Burbank v Fay* (65 NY 57), "[t]he whole theory of prescription depends upon a supposed grant. No such grant [by adverse possession] can be presumed where a grant would be unlawful or contrary to law. * * * Where no express grant can be allowed, the law will not resort to the fiction of an implied grant so as to create a prescriptive right" (*id.* at 66-67; *see Smith v People*, 9 AD2d 205, 207; *compare Matter of City of New York [Mileau Corp.]*, 72 AD2d 745, 746). Thus, where a parcel of property has *not* been dedicated to a public use and a conveyance of same to a private individual "would not have been illegal" (*People v System Props.*, 2 NY2d 330, 343), adverse possession can be established. Here, however, since defendant cannot convey title free of its public trust, a private individual such as plaintiff cannot obtain title by adverse possession unencumbered by this restriction. Having "[r]eceiv[ed] the title in trust for an especial public use, [defendant] could not convey [it] without the sanction of the legislature" (*Brooklyn Park Commrs. v Armstrong*, 45 NY 234, 243). Moreover, the subject parcel is no less "impressed with a public trust" (*Friends of Van Cortlandt Park v City of New York*, 95 NY2d 623, 630) because it is titled in defendant, a not-for-profit corporation. In short, the fact that the Legislature has by special act forever dedicated this property to public purposes is the beginning and end of any necessary inquiry. Plaintiff simply cannot establish adverse possession. Accordingly, we reverse and grant summary judgment to defendant.

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiff's motion denied, defendant's cross motion granted, summary judgment awarded to defendant and complaint dismissed.