Mercure, J.
Appeal from an order of the Supreme Court (Williams, J.), entered February 8, 2007 in Saratoga County, which, among other things, denied defendants’ motion for partial summary judgment.
This appeal involves two adjoining parcels of real property located in the Town of Malta, Saratoga County, between Route 67 and the shore of Little Round Lake. The properties were acquired by John Sadowski and Effie Sadowski in the early 1940s and, for approximately 20 years, the Sadowskis brought in fill to create a beach (hereinafter the disputed land). After 1965, no additional fill was added other than for maintenance purposes, although a brook emptying into the lake evidently deposited fill by accretion. The Sadowskis also operated a cottage colony on the westerly parcel (hereinafter the Sadowski parcel), as well as a commercial business providing patrons access to Little Round Lake for recreational purposes on both parcels.
In 1975, the parcels were conveyed to siblings James Sadowski and Eva Stomski, as joint tenants, and Stomski built a log home on the eastern parcel (hereinafter the Taylor parcel), where she thereafter resided with her daughter, defendant Judith A. Taylor. The house had a basement garage facing west and a driveway running in a westerly direction to a stone drive on the Sadowski parcel. In 1985, James Sadowski and Stomski deeded the Taylor parcel to Stomski and the Sadowski parcel to James Sadowski, using the metes and bounds description contained in original deeds from the 1940s. The 1985 conveyance ended the unity of title that the parties’ family held over the two parcels. James Sadowski subsequently conveyed the Sadowski parcel to himself, as trustee of a trust he created, and Stomski conveyed the Taylor parcel to Judith Taylor, who then conveyed the parcel to herself and her husband, including in the deed an easement over the stone drive on the Sadowski parcel and ownership of the disputed land.
*993 In response, James Sadowski—who has since passed away and been replaced as plaintiff by his daughter—commenced this action, pursuant to RPAPL article 15, seeking a declaration as to the title of the disputed land and that defendants do not hold an easement over the stone drive on the Sadowski parcel. As relevant here, defendants thereafter moved for partial summary judgment on the issues of their entitlement to the disputed land and the easement. Supreme Court denied the motion, and defendants now appeal.
We affirm. Initially, we reject defendants’ argument that Supreme Court erred in denying their motion for partial summary judgment on the issue of whether they have an easement by implication or prescription over the stone drive on the Sadowski parcel. Turning first to defendants’ assertion that they are entitled to an implied easement, “ ‘[i]n order to establish an easement by implication from pre-existing use upon severance of title, three elements must be present: (1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary for the beneficial enjoyment of the land retained’ ” (Beretz v Diehl, 302 AD2d 808, 810 [2003], quoting Abbott v Herring, 97 AD2d 870, 870 [1983], affd 62 NY2d 1028 [1984]). As defendants assert with respect to the third element, “[t]he necessity required for an implied easement based upon preexisting use is only reasonable necessity, in contrast to the absolute necessity required to establish an implied easement by necessity” (Four S Realty Co. v Dynko, 210 AD2d 622, 623 [1994]; see Mobile Motivations, Inc. v Lenches, 26 AD3d 568, 570-571 [2006]). Nevertheless, under either theory, mere convenience is not sufficient to establish necessity (see Asche v Land & Bldg. Known as 64-29 232nd St., 12 AD3d 386, 387 [2004]; Four S Realty Co. v Dynko, 210 AD2d at 623-624).
Here, in support of their claim that an easement over the stone drive is reasonably necessary for the beneficial enjoyment of their property, defendants proffered only a personal affidavit indicating that it is not feasible to build a driveway on the Taylor parcel because the grade is too steep and the driveway would interfere with their septic system and dry well. Defendants admitted, however, that building a driveway “could be done, but [it would be] very difficult” and now concede that the septic system is located elsewhere on the parcel. Given the absence of any documentation regarding the location of the dry well or septic system, or any expert evaluation of cost and difficulty of constructing a driveway on the Taylor parcel, we agree *994 with Supreme Court that defendants did not “tender[ ] sufficient evidence to eliminate [all] material issues of fact” on this issue (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Moreover, even if defendants had met their initial burden, plaintiff presented evidence that use of the driveway was discontinued approximately five years prior to severance of title when defendants converted their garage to living space and began parking along Route 67, creating an issue of fact regarding whether the driveway was meant to be permanent (see Beretz v Diehl, 302 AD2d at 810).
We similarly reject defendants’ argument that they established, as a matter of law, their entitlement to a prescriptive easement over the Sadowski parcel. “[T]he proponent of a prescriptive easement claim bears the burden of proving, by clear and convincing evidence, hostile, open, notorious and continuous use over the other’s land for the prescriptive period” (Wechsler v New York State Dept. of Envtl. Conservation, 193 AD2d 856, 859 [1993], lv denied 82 NY2d 656 [1993]; see Allen v Mastrianni, 2 AD3d 1023, 1024 [2003]; Gorman v Hess, 301 AD2d 683, 685 [2003]; see also Di Leo v Pecksto Holding Corp., 304 NY 505, 510-512 [1952]). Proof of the remaining elements generally gives rise to a presumption of hostility and shifts the burden of proving permissive use to the servient landholder. “[T]he proponent is not accorded the benefit of the presumption,” however, when the user and landowner are, among other things, related by blood, “and must [instead] present affirmative facts to support the conclusion that his or her use was under a claim of right and adverse to the interests of the landowner” (Wechsler v New York State Dept. of Envtl. Conservation, 193 AD2d at 860; see McNeill v Shutts, 258 AD2d 695, 696 [1999]; see also Weir v Gibbs, 46 AD3d 1192, 1193 [2007]). Inasmuch as the parties are related by blood and defendants have presented no evidence of adverse use during the prescriptive period, they did not meet their initial burden of demonstrating entitlement to summary judgment on their prescriptive easement claim (see McNeill v Shutts, 258 AD2d at 696-697; Wechsler v New York State Dept. of Envtl. Conservation, 193 AD2d at 860).
Finally, we conclude that Supreme Court properly denied defendants’ motion for summary judgment on the issue of whether they hold title to the disputed land by deed or adverse possession. In our view, questions of fact permeate the parties’ claims regarding ownership of the disputed land. It is unclear, for example, how much of the disputed land was created by man-made fill—such that title would not have vested in the par *995 ties’ predecessors and could not have passed by deed—and how much was due to natural accretion, with the parties’ predecessors thereby obtaining ownership of the land that was previously underwater (see Town of Oyster Bay v Commander Oil Corp., 96 NY2d 566, 573 [2001]; Matter of Town of Hempstead v Little, 22 NY2d 432, 437, 439 [1968]; Sage v Mayor of City of N.Y., 154 NY 61, 83 [1897]; see generally White v Knickerbocker Ice Co., 254 NY 152, 156-157 [1930]). Further, the parties put forth no evidence regarding, among other things, whether Little Round Lake is navigable, in which case the accreted foreshore is under the presumptive ownership of the state, subject to a public trust and not susceptible to adverse possession (see Mohawk Val. Ski Club v Town of Duanesburg, 304 AD2d 881, 882-884 [2003]; Rodrigues v Catskill Revitalization Corp., 302 AD2d 762, 764 [2003]; Hanigan v State of New York, 213 AD2d 80, 84-85 [1995]; Smith v People, 9 AD2d 205, 207 [1959]; 7 Warren’s Weed, New York Real Property § 77.02 [3] [5th ed]), or whether the foreshore is owned by some other party. Moreover, even assuming ownership of the disputed land could be obtained through adverse possession and that defendants have shown that their use of the land was not merely a permissive familial accommodation, we note that activities such as building fire pits, planting trees and adding fill may be deemed nonadverse (see generally RPAPL 522, 543; Walling v Przybylo, 7 NY3d 228, 230-233 [2006]; Robinson v Robinson, 34 AD3d 975, 977-978 [2006], lv denied 8 NY3d 805 [2007]).
In short, given defendants’ failure to eliminate all material issues of fact from the case, summary judgment in their favor is unwarranted here.
Cardona, EJ., Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.