FRANK H. COYNE, as Trustee under a Declaration of Trust, Dated June 8, 1937, Respondent, v. NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant. In an action for a declaratory judgment, judgment decreeing that a perpetual easement exists in favor of property owned by plaintiff over property owned by defendant as a driveway to a garage, situated in the rear of both parcels and partly on each, reversed on the law and the facts, with costs, and judgment directed in favor of the defendant, with costs. Findings of fact reversed and conclusions of law disapproved. New findings and conclusions will be made. In the opinion of the court the evidence does not sustain the finding that an easement by implication on

the ground of necessity exists. To create such an easement the necessity must exist in fact and not as a mere convenience. (*Heyman* v. *Biggs*, 223 N. Y. 118; *Wells* v. *Garbutt*, 132 id. 430; *Ogden* v. *Jennings*, 62 id. 526; *Bauman* v. *Wagner*, 146 App. Div. 191.) Carswell, Johnston, Adel and Taylor, JJ., concur; Hagarty, J., dissents and votes to affirm, with the following memorandum: The conceded fact that the use of the driveway by the tenants of the apartment house erected on plaintiff's parcel was open and notorious from and after completion, on or about September 25, 1929, of the buildings on both parcels, together with the other proof in the case, warranted the conclusion that when appellant took title by deed in 1934 the property was burdened with an easement created by its predecessor in interest. (*Lampman* v. *Milks*, 21 N. Y. 505, 508; *Spencer* v. *Kilmer*, 151 id. 390, 398, 399; *Heyman* v. *Biggs*, 223 id. 118, 125; *Paine* v. *Chandler*, 134 id. 385, 388; *Goldstein* v. *Hunter*, 257 id. 401.)