■ LEOTA M. ABBOTT, Respondent, v MERYL A. HERRING, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered October 29, 1982 in Otsego County, upon a decision of the court at Trial Term (Harlem, J.), without a jury. The parties own adjoining lots of real property located in Otsego County which are bounded on the west by New York State Route 28 and on the east by Goodyear Lake. The two lots were originally one tract owned jointly by plaintiff and another, when, in 1960, the northern lot was conveyed to defendant's predecessor in interest. Subsequently, plaintiff became sole owner of the southern lot. A house is located on each of the lots. Plaintiff's lot also contains a garage located near the highway where vehicles may be parked. Additionally, there is a walkway from the highway to plaintiff's house. However, because of the terrain, vehicular access to plaintiff's house is possible only by way of a one-lane dirt and stone driveway which runs from Route 28, across defendant's property, to plaintiff's house. The deed conveying the northern lot did not expressly reserve an easement for use of the driveway. As a result of defendant's refusal to allow plaintiff access to the driveway, plaintiff commenced this action seeking to establish an easement by implication or prescription. After a trial without a jury, Trial Term held that an easement by implication, limited to boats and service and delivery vehicles, had been established. This appeal by defendant ensued. In order to establish an easement by implication from pre-existing use upon severance of title, three elements must be present: (1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary to the beneficial enjoyment of the land retained (*Heyman v Biggs,* 223 NY 118, 125; see 17 NY Jur, Easements and Licenses, § 64, pp 329-330). Implied easements are not favored in the law and the burden of proof rests with the party asserting the existence of facts necessary to create an easement by implication to prove such entitlement by clear and convincing evidence (*Zentner v Fiorentino,* 52 AD2d 1036). Also, the law will less readily imply an easement in favor of a grantor than it will imply one in favor of a grantee (*Paine v Chandler,* 134 NY 385, 388). Turning to the instant case, defendant does not challenge the existence of the first element. She argues that the evidence in the record does not support Trial Term's finding of a long-continued and obvious use prior to separation of title. Plaintiff acquired her interest in the property in 1957. The northern lot was conveyed to defendant's predecessor in interest in 1960. The only evidence in the record to demonstrate long and continued use prior to separation of title is plaintiff's testimony that the driveway was used from the date of purchase by delivery and service vehicles and for transporting boats to the lake. The driveway was not used from October to May. The evidence does not indicate with any degree of specificity how often the driveway was used by such vehicles between the time plaintiff acquired her interest in the property and the time the northern lot was conveyed to defendant's predecessor in interest. Moreover, there is no evidence to demonstrate the use of the easement prior to 1957. Indeed, the testimony indicates that, prior to 1957, the driveway was used by the prior owner, not as a driveway, but as a bridle path for horseback riding. In our view, plaintiff's testimony of sporadic use of the driveway for the summer months from 1957 to 1960, without any more evidence, is insufficient to meet her burden to establish a long-continued and manifest use prior to separation

of title. Defendant also takes issue with Trial Term's finding that the use was necessary to the beneficial enjoyment of the land retained. Since plaintiff, as grantor, is attempting to establish an easement by implied reservation, strict necessity must be proven, as opposed to reasonable necessity (*Buck v Allied Chem. Corp.*, 77 AD2d 782, 783). In this case, as found by Trial Term, the driveway is not necessary for plaintiff's personal access to her home since there is a garage with parking space near the highway and a walkway leads from there to the house. The only need demonstrated for the driveway is for service and delivery vehicles and for boats. The strict need for the driveway for service and delivery vehicles is belied by the fact that, although plaintiff's house is a year-round dwelling, the driveway is not plowed, and consequently not used, during the winter months. Plaintiff's own testimony indicates that oil deliveries are made from the highway and not by use of the driveway. As for the use of the driveway for moving boats, the record contains no evidence that other boat-launching facilities are unavailable for plaintiff's use. Finally, we note that, while plaintiff did introduce evidence demonstrating that her lot drops down from the highway, no evidence was offered to confirm the amount or degree of descent, nor was any expert testimony offered to show that a driveway could not be built on plaintiff's own lot. Thus, we agree with defendant that the record does not support a finding of strict necessity for the use. Since Trial Term found an easement by implication, it did not deal with the issue of an easement by prescription. In light of our holding that the record does not support the finding of an implied easement, the issue of a prescriptive easement must be addressed. One of the elements of a prescriptive easement is that the use be hostile (*City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 120-121, 124). Testimony in the record indicates that, on several occasions, plaintiff and guests of hers sought and received permission to use the driveway, thus negating any claim of hostile use (see *City of Tonawanda v Ellicott Cr. Homeowners Assn., supra; Smith v Folmsbee,* 31 AD2d 584). We conclude that the record does not support plaintiff's claim of an easement by prescription. Judgment reversed, on the law and the facts, with costs, and complaint dismissed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.