■ ROBERT P. HEDDEN et al., Respondents-Appellants, v MABEL A. BOHLING, Appellant-Respondent.—Judgment unanimously modified, on the law, and, as modified, affirmed, with costs to plaintiffs, in accordance with the following memorandum: Defendant appeals from a portion of a judgment which ordered her to move a boathouse and supporting cables from in front of plaintiffs' property. Plaintiffs cross-appeal from so much of the same judgment which entitled defendant to the benefits of an easement of ingress and egress across a strip of land owned by plaintiffs.

Defendant and plaintiffs own adjoining recreational property on Wellesley Island along the shoreline of the St. Lawrence River. Defendant owns a boathouse consisting of a 35-foot-long structure. The uncontradicted proof at trial established that the boathouse encroached 8 to 9 feet in front of plaintiffs' property. We agree with the trial court that as an owner of the boathouse, defendant bears the responsibility for this encroachment *(see, Hinkley v State of New York,* 234 NY 309, 317-318).

We disagree with the trial court, however, that defendant is entitled to an implied easement from preexisting use of ingress and egress across a strip of plaintiffs' property. Implied easements are not favored by the law and the burden of proof rests with defendant to prove such entitlement by clear and convincing evidence *(see, Buck v Allied Chem. Corp.,* 77 AD2d 782). The record does not support the trial court's finding that such an easement is reasonably necessary for defendant's beneficial enjoyment of her property. Defendant's use of the driveway in dispute is a mere convenience which is insufficient to justify the granting of an easement *(see,* 17 NY Jur, Easements and Licenses, §§ 64, 69; *see also, Paine v Chandler,* 134 NY 385, 387; *Snyder v County of Monroe,* 2 Misc 2d 946, *affd* 6 AD2d 854; *Tucci v Giarrusso,* 124 NYS2d 17; *Morrow v Gerber,* 207 Misc 597; *Garvin v State of New York,* 116 Misc 408). (Appeals from judgment of Supreme Court, Jefferson County, Hayes, J.—trespass, encroachment.) Present—Dillon, P. J., Boomer, Green, Pine and Schnepp, JJ.