■ LEONARD J. PASTORE et al., Respondents, v JOHN ZLATNISKI et al., Appellants.—In an action pursuant to RPAPL article 15 to determine the interests of the respective parties in a certain parcel of real property, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Sherman, J.), dated November 26, 1984, which, *inter alia,* granted the plaintiffs' motion for summary judgment and dismissed the defendants' counterclaim.

Order and judgment modified, on the law, by adding thereto a provision declaring that the defendants John Zlatniski, Irene Zlatniski, Howard T. Tuthill and Elizabeth L. Tuthill have no right, title or interest in the real property of the

plaintiffs described in the fourth paragraph of the verified complaint. As so modified, order and judgment affirmed, with costs payable by the defendants.

The defendants have failed to raise a triable issue of fact with respect to their alleged entitlement to an implied easement over a portion of the plaintiffs' property. Indeed, the papers submitted by the defendants on the plaintiffs' motion for summary judgment contained no factual support for their claim that during the unitary ownership of the various parcels of real property, a right-of-way was established over the lot presently owned by the plaintiffs and that the right-of-way was physically obvious and apparent upon reasonable inspection prior to the separation of title *(see generally, Abbott v Herring,* 97 AD2d 870, *affd* 62 NY2d 1028; *Buck v Allied Chem. Corp.,* 77 AD2d 782; *McQuinn v Tantalo,* 41 AD2d 575, *lv denied* 32 NY2d 610). Moreover, the defendants failed to demonstrate the existence of an issue of fact with regard to their unsubstantiated allegation that the purported right-of-way was necessary to the reasonable use and enjoyment of their respective parcels of real property *(see generally, Bigg v Webb Props.,* 118 AD2d 613). Indeed, they admitted that their respective lots border upon a public thoroughfare. Hence, the defendants' use of the subject property as a means of ingress and egress to their own parcels is a mere convenience, and, as such, is insufficient, as a matter of law, to establish the element of reasonable necessity in order to require an implied easement over the subject property *(see, Hedden v Bohling,* 112 AD2d 23; *Buck v Allied Chem. Corp., supra).* Special Term therefore properly granted summary judgment in favor of the plaintiffs *(see, Zuckerman v City of New York,* 49 NY2d 557).

Insofar as the defendants presently seek to challenge a prior order of the same court (Doyle, J.), entered July 18, 1983, which dismissed their claim of an easement by prescription on the merits, the use of the subject property by the defendants was permitted by its former owners as a matter of neighborly accommodation, and such permissive use negated the establishment of a prescriptive right as a matter of law *(see, Susquehanna Realty Corp. v Barth,* 108 AD2d 909; *Abbott v Herring, supra; Hassinger v Kline,* 91 AD2d 988).

The equitable estoppel argument presently raised by the defendants was never raised at Special Term. Hence, the defendants have waived the opportunity to have that issue considered at the appellate level *(see, Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342; *Orellano v Samples Tire*

*Equip. & Supply Corp.,* 110 AD2d 757; *Keen v Investors Data Technology,* 87 AD2d 811).

We have considered the defendants' remaining contentions and find them to be without merit. Lazer, J. P., Bracken, Weinstein and Eiber, JJ., concur.