■ WILSON MOODY, Respondent, v GARY SUN, Appellant.— In an action, inter alia, for a judgment declaring that the plaintiff has an easement by necessity, the defendant appeals from a judgment of the Supreme Court, Queens County (Hyman, J.), dated July 22, 1985, which, inter alia, after a nonjury trial, declared that the plaintiff had an easement by implication over a portion of the defendant adjoining landowner's property and directed that the entire driveway area between the two buildings owned by the parties be used by both parties and left unobstructed.

Ordered that the judgment is affirmed, with costs.

The plaintiff and the defendant are owners of adjoining parcels of land derived from a common grantor. On the front portion of each parcel is a two-story building with a garage in the rear. Between these two buildings is a driveway, which is the subject of this action. The plaintiff acquired possession of his property in or about December 1974, under a lease with the common grantor. He testified that after that time he had free and open use of the driveway shared entirely with the landlord, who resided next door. In May 1979, the property was conveyed to the plaintiff under a deed which made no reference to any easement concerning the driveway. In December 1981, the parcel owned by the defendant was conveyed

to him by the common grantor under a deed which likewise did not refer to any easement. According to the plaintiff, the parties continued to use the driveway in common until November 1984, when the defendant erected posts connected by an iron chain which prevented the plaintiff from removing two vehicles housed in his garage.

At the trial, the plaintiff, his wife, and his daughter testified that prior to the erection of the obstruction, the entire driveway area had been freely and openly used by the parties as a common means of ingress and egress to their respective garages. The defendant did not personally appear at the trial or present any evidence to rebut the plaintiff's claim of an implied easement by necessity preexisting and continuing after the severance of title from the common grantor. However, the defendant's position at the trial was that the plaintiff created the necessity for going across the defendant's portion of the driveway by constructing an addition to the front of his building which extended the structure out to the sidewalk.

Although the defendant on this appeal contends that the evidence does not establish the necessity for an implied easement over his property, a review of the record indicates that the reciprocal use of the driveway was created by the common grantor of the property, that this was necessary to the reasonable use of such land, and that it existed at the time of the severance of the lands. In view of this evidence, the trial court properly determined that the plaintiff established all of the elements essential to declaring an easement by implication over the entire driveway area (see, e.g., Jacobson v Luzon Lbr. Co., 192 Misc 183, 185-186, affd 276 App Div 787, affd 300 NY 697; Ragona v Di Maggio, 42 Misc 2d 1042, 1043-1044).

We also find no merit to the defendant's further contention that he was deprived of a fair trial. Although we note that the Trial Judge participated in the questioning of the witnesses, it is clear from the record that this was done in an effort to clarify the facts and circumstances and to expedite the disposition of this nonjury trial.

We have reviewed the defendant's remaining contentions and find them all to be without merit. Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.