■ In the Matter of MORRIS BOHRER, Appellant, v BOHRER REALTY CORP., Respondent.—Judgment of the Supreme Court, Bronx County (Harold Hyman, J.H.O.), entered on November 4, 1988, which dismissed the petition seeking dissolution of the respondent corporation, and granted respondent leave to seek counsel fees and/or an additional allowance of costs and disbursements, is unanimously affirmed, without costs.

The petitioner and his two brothers were each one-third shareholders in the respondent corporation and in other corporations. Each brother ran a clothing store, although each store was owned by a corporation that was held in one-third shares by each of the three brothers. When the store controlled by the petitioner was destroyed by a fire, approximately $100,000 in fire insurance proceeds was realized. Evidence in the record supports the conclusion of the Judicial Hearing Officer that petitioner accepted $50,000 plus one-third share of the after-expense portion of the balance in exchange for ending his involvement with the family businesses. The petitioner, having accepted the benefit of this bargain, may not now seek to repudiate it (Ambrose Mar-Elia Co. v Dinstein, 151 AD2d 416, 418-420). For this reason, it is irrelevant whether or not the arrangement lacked any of the formal requirements for a stock transfer or other commercial transaction.

We note that the Judicial Hearing Officer involved himself extensively in examining or cross-examining witnesses at the hearing, and particularly in cross-examining the petitioner. While the Judicial Hearing Officer could have been more restrained in this respect, we note that this was a nonjury proceeding, and find that the questioning was done in an effort

to clarify facts and expedite disposition of the matter *(Moody v Sun,* 127 AD2d 570, 571, *lv denied* 70 NY2d 604).

We have considered the petitioner's other arguments and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Carro, Rosenberger and Ellerin, JJ.