■ CHARLOTTE MINOGUE, Respondent, v JOHN MONETTE et al., Appellants.—Casey, J. P.

Plaintiff and defendant John Monette, who are brother and sister, each inherited a home through the last will and testament of their father. Plaintiff inherited her father's actual residence at 90 Hawthorne Avenue in the City of Albany.

---

Monette inherited the contiguous parcel located at 88 Haw-
thorne Avenue. A blacktop driveway, approximately 10 feet
wide, runs between the two houses and has been used as an
entrance and exit to both homes for over 25 years. A survey
made for plaintiff in January 1986, in connection with a
proposed sale of her parcel, located the driveway on the land
accompanying her brother's house. A concrete cinderblock
garage is located at the rear of plaintiff's two-family home,
with its bays opening onto the driveway. The driveway pro-
vided access to the garage to the father, during his lifetime,
and to plaintiff and her tenants and visitors until Monette
ordered such use to stop in February 1986.

The following month, plaintiff commenced this action for a
declaration of "an easement of access for ingress and egress"
over the driveway. Supreme Court granted plaintiff's motion
for summary judgment to the extent of finding that "plaintiff
is entitled to the relief requested as to the existence of a right-
of-way by necessity" over defendants' property, and referred
the matter to Trial Term for an inquest of damages, if any.
Defendants appeal and urge that plaintiff could easily put the
overhead doors at the rear of the garage and utilize the
neighbor's driveway to access the remodeled garage. We find
such a suggestion irrelevant to the issues on this appeal and
affirm the order of Supreme Court.

The facts being undisputed, the only issue is whether, as a
matter of law, the facts provide an implied easement or an
implied easement by necessity to plaintiff. Generally, an im-
plied easement arises upon severance of ownership when,
during the unity of title, an apparently permanent and obvi-
ous servitude was imposed on one part of an estate in favor of
another part, which servitude at the time of severance is in
use and is reasonably necessary for the fair enjoyment of the
other part of the estate (49 NY Jur 2d, Easements, § 65, at
159; *see, Heyman v Biggs,* 223 NY 118, 125). An easement by
necessity is also an implied easement dependent on the unity
of ownership followed by a severance thereof. An easement by
necessity, however, rests not on a preexisting use, but on the
need for the way for the beneficial use of the property after
conveyance (49 NY Jur 2d, Easements, § 94, at 197; *Coyne v
New York State Teachers' Retirement Sys.,* 257 App Div 1006,
1007, *affd* 283 NY 614). In our view, plaintiff has demon-
strated her legal entitlement to the easement she seeks under
both legal theories present here. The determination of Su-
preme Court that an implied easement exists in favor of

plaintiff should, therefore, be affirmed *(see, Moody v Sun,* 127 AD2d 570, 571, *lv denied* 70 NY2d 604).

Order affirmed, with costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.