■ PHILIP J. MONTE, Appellant, v DOMENICO DIMARCO et al., Respondents. [596 NYS2d 253] —Judgment unanimously affirmed with costs. Memorandum: Plaintiff commenced this action seeking damages for defendants' alleged unauthorized use of his real property and, additionally, seeking to enjoin defendants from entering onto such property and using an underground sewer line traversing the property. Defendants counterclaimed, seeking a judgment granting them a permanent implied easement over and under the property. Plaintiff appeals from a judgment that granted defendants an implied easement but that ordered defendants to pay plaintiff $15,000 as the fair market value of the easement and $1,676 as its fair rental value for the period 1982 through 1991.

We conclude that defendants have an implied easement by grant based upon existing use, as distinct from an easement implied by necessity (see generally, Zentner v Fiorentino, 52 AD2d 1036). The general rule regarding easements implied by existing use is as follows: where, during the period in which title was unified, an apparently permanent and obvious servitude was imposed on one part of an estate in favor of another, and where such servitude, at the time of severance of title, remains in use and is reasonably necessary for the fair enjoy-

ment of the estate conveyed, a grant of the right to continue such use is implied in the conveyance of the dominant estate *(see, Heyman v Biggs,* 223 NY 118, 125; *Paine v Chandler,* 134 NY 385, 387; *Buck v Allied Chem. Corp.,* 77 AD2d 782, 782-783). Thus, a grantee claiming an easement implied by existing use must establish: (1) a unity and subsequent severance of title with respect to the relevant parcels; (2) that during the period of unity of title, the owner established a use in which one part of the land was subordinated to another; (3) that such use established by the owner was so continuous, obvious, and manifest that it indicated that it was meant to be permanent; and (4) that such use affects the value of the estate conveyed and that its continuation is necessary to the reasonable beneficial enjoyment of the estate conveyed *(McQuinn v Tantalo,* 41 AD2d 575, *lv denied* 32 NY2d 610; *Willow Tex v Dimacopoulos,* 120 Misc 2d 8, 11, *mod on other grounds* 109 AD2d 740, *revd on other grounds* 68 NY2d 963). To establish an easement by implication from existing use, the proponent-grantee must show only a "reasonable", not an absolute, necessity *(Paine v Chandler, supra,* at 389; *Buck v Allied Chem. Corp., supra,* at 783).

Defendants established the necessary elements of such easement. Prior to defendants' purchase of the motel and stores in the tax foreclosure sale, plaintiff held title to those properties in common with its title to the retained portion of the business alley. At the time of severance of title, plaintiff was making open and obvious use of the business alley as a means of access to the property. Less immediately apparent, but nonetheless ascertainable upon a reasonable inspection and inquiry, was plaintiff's use of the business alley as a conduit for sewage. Those uses, especially use of the alley for the sewer line, was so constant as to indicate that it was meant to be permanent. Finally, defendants showed that continuation of the use, especially with respect to the sewer line, was reasonably necessary to their beneficial enjoyment of their property. Plaintiff's own proof, which was the basis for his frivolous and exorbitant rent demands, was that it would cost defendants nearly as much to construct an alternative sewer line as it had cost them to purchase the properties. Under those circumstances, it must be concluded that the easement claimed by defendants is reasonably necessary, i.e., "a substantial and valuable right and not a mere convenience" *(Paine v Chandler, supra,* at 390).

Contrary to his contention, plaintiff is not entitled to more damages than awarded by the court. Indeed, the court's award

of damages to plaintiff in any amount is inconsistent with the conclusion that defendants have an implied easement by grant. The finding of an easement implied from existing use is equivalent to a finding that such easement right was included in the grant of the dominant estate to defendants in 1982. Defendants cannot be forced to purchase, and cannot be held liable for using, that which they already own *(cf., Paine v Chandler, supra,* at 392). Nevertheless, defendants have not cross-appealed, and it is well established that the exercise of our power of review is generally limited to those parts of the judgment that have been appealed and that aggrieve the appealing party *(see, Hecht v City of New York,* 60 NY2d 57, 61).

Similar logic compels us to reject plaintiff's contention that he is entitled to an award of interest on his judgment. Although we have no power in the absence of a cross appeal by defendants to overturn that award, we will not compound the error by awarding plaintiff interest. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Permanent Injunction.) Present—Denman, P. J., Green, Balio, Lawton and Davis, JJ.