■ Four S Realty Company, Respondent-Appellant, v Michael Dynko et al., Appellants-Respondents, et al., Defendants. [619 NYS2d 855] —Casey, J. Cross appeals from an order of the Supreme Court (Harris, J.), entered October 27, 1993 in Albany County, which, *inter alia,* denied plaintiff's motion for summary judgment.

In this RPAPL article 15 action, plaintiff seeks to establish an easement across the premises known as 302 Central Avenue in the City of Cohoes, Albany County. Three adjoining properties are involved. The first is located at 300 Central Avenue and was previously owned by the Bilinski family. The other two, located at 302 Central Avenue and 41 Lark Street, were previously owned by defendant Bilinski Realty Corporation, Inc. (hereinafter BRC). Prior to 1962, BRC constructed a grease pit along the northeastern border of the 41 Lark Street property with a part of the pit extending into adjoining property then owned by the City. In 1962, defendants Michael Dynko and Pauline Dynko (nee Bilinski) (hereinafter collectively referred to as the Dynkos) acquired 300 Central Avenue from the Bilinskis and also purchased the property adjoining 41 Lark Street from the City. The Dynkos allowed the continued use of the grease pit despite the encroachment. In 1982, the Dynkos purchased 302 Central Avenue from BRC. At the time, this property contained a paved area which was used as a driveway to the Dynko residence at 300 Central Avenue and as one of two access routes to 41 Lark Street. In 1983, BRC sold 41 Lark Street to plaintiff. The Dynkos continued to allow 302 Central Avenue to be used as a route of ingress and egress to 41 Lark Street until about September 1991, when the Dynkos placed a fence across the paved portion of their property which forced plaintiff to use the alternative access route to 41 Lark Street.

In answer to plaintiff's complaint, the Dynkos and BRC (hereinafter collectively referred to as defendants) alleged counterclaims seeking, *inter alia,* to enjoin plaintiff's use of the grease pit and the use of 302 Central Avenue as a means of ingress and egress to 41 Lark Street. Plaintiff moved for summary judgment to establish as a matter of law its entitlement to (1) a route of access to 41 Lark Street through 302 Central Avenue either as an implied easement based upon preexisting use or an easement by necessity, and (2) continued use of the grease pit based on similar analysis. Defendants cross-moved for summary judgment. Supreme Court, deciding that material issues of fact existed in respect to the various claims, denied both motions. Defendants appeal and plaintiff cross-appeals.

We conclude that the Dynkos are entitled to summary judgment because plaintiff failed to submit evidentiary proof in admissible form to demonstrate a question of fact on the issue of necessity. To establish an implied easement based upon preexisting use, three requirements must be satisfied: (1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious as to show it was intended to be permanent, and (3) the use must have been necessary to the beneficial enjoyment of the dominant estate at the time of the conveyance *(see, U.S. Cablevision Corp. v Theodoreu,* 192 AD2d 835, 838). The necessity required for an implied easement based upon preexisting use is only reasonable necessity, in contrast to the absolute necessity required to establish an implied easement by necessity *(see, Monte v DiMarco,* 192 AD2d 1111, 1112, *lv denied* 82 NY2d 653; *Minogue v Monette,* 158 AD2d 843, 844).

As to the driveway across the Dynkos' property, it is undisputed that prior to the driveway's existence, the exclusive access to plaintiff's property was by the Central Avenue-Hawke Street-Lark Street route. This route remained as an alternative access route after the driveway was established and was used by plaintiff after the Dynkos prevented plaintiff's use of the driveway. Plaintiff presented evidence that trucks had difficulty navigating the more circuitous alternate route, but there is no evidence of any monetary impact on plaintiff's commercial use of the property or that its beneficial use of the property was otherwise adversely affected by the loss of access across the Dynkos' property. Mere convenience is insufficient to justify the imposition of an implied easement based upon preexisting use *(Hedden v Bohling,* 112 AD2d 23,

24, *appeal dismissed* 67 NY2d 758). It is also undisputed that plaintiff's property abuts on Central Avenue itself, and plaintiff did not dispute the Dynkos' allegation that plaintiff could establish a direct access to Central Avenue without the need to cross the Dynkos' property. There is, therefore, no need for the implied easement sought by plaintiff *(see, Pastore v Zlatniski,* 122 AD2d 840).

We reach the same conclusion regarding the grease pit because it is undisputed that plaintiff has ample land to accommodate the grease pit without the encroachment on the Dynkos' property. The record also shows the absence of the required unity of title to the two parcels of property on which the grease pit was constructed—41 Lark Street and the strip of land formerly owned by the City *(see, Astwood v Bachinsky,* 186 AD2d 949, 950). In the absence of evidentiary proof in admissible form to demonstrate a question of fact regarding the element of reasonable necessity for an implied easement based upon preexisting use, it follows that no question of fact has been raised on the element of absolute necessity for an implied easement by necessity. Plaintiff, therefore, has no claim for an implied easement and the Dynkos are entitled to summary judgment.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants Michael Dynko and Pauline Dynko, by reversing so much thereof as denied the cross motion of defendants Michael Dynko and Pauline Dynko for summary judgment; cross motion granted and it is declared that plaintiff does not have an implied easement in the property owned by said defendants; and, as so modified, affirmed.