OPINION OF THE COURT
Victoria A. Graffeo, J.
Defendants, William S. Igoe and Deborah D. Igoe (hereinafter Igoes), move for an order granting summary judgment pursuant to CPLR 3212. Defendant, Cathleen A. Doyle, cross-moves for summary judgment. Plaintiffs oppose the motions.
This action arises out of a dispute concerning the existence of an alleged easement in favor of plaintiffs’ real property located in the Town of New Scotland, State of New York. At a tax sale held by Albany County in 1976, plaintiffs purchased vacant landlocked property which was bordered by defendants’ respective parcels of property. As such, plaintiffs’ property was only accessible through one or more of defendants’ various lots. Plaintiffs contend that an easement consisting of a carriage road over defendants’ property is extant based on an express oral grant. Plaintiffs also claim entitlement to the purported easement based on adverse possession, as well as easement by necessity or implication.
It is axiomatic that a party moving for summary judgment has the initial burden of coming forward with admissible evi *387 dence, such as affidavits by persons having knowledge of the facts, making a prima facie entitlement to judgment as a matter of law. (Murphy v County of Westchester, 228 AD2d 970; McCormack v Graphic Mach. Servs., 139 AD2d 631.) Once the moving party has satisfied this obligation, the burden shifts and the party opposing the motion must demonstrate by admissible evidence the existence of a triable issue of fact or tender an acceptable excuse for failure to do so. (GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965; Hasbrouk v City of Gloversville, 102 AD2d 905; Murphy v Feduke, 145 AD2d 722.)
Plaintiffs’ position that an easement exists by express grant must fail since the purported easement was oral and, therefore, not consistent with the Statute of Frauds. Further, plaintiffs have not established the applicability of equitable estoppel since there is no manifestation that their alleged endeavors were “unequivocally referable” to the professed agreement. (See, General Obligations Law § 5-703; Rhoads v New York State Urban Dev. Corp., 207 AD2d 955; Jokay, Inc. v Lagarenne, 138 AD2d 778.)
In order to establish an easement by adverse possession, plaintiffs must establish “ ‘by clear and convincing evidence that for a period of 10 years [they] actually possessed the property in dispute and that such possession was open and notorious, exclusive, continuous, hostile and under a claim of right’ ”. (Wagman v Village of Catskill, 213 AD2d 775, 776, quoting Village of Castleton-On-Hudson v Keller, 208 AD2d 1006, 1008.) In the instant case, plaintiff, J. H. Leonard, Jr., testified that he and the other plaintiff were granted permission to use the purported easement by all defendants.[1] In fact, plaintiffs have proffered no evidence exhibiting that their use of the property was adverse and hostile. Hence, plaintiffs’ claim of adverse possession is untenable. (See, Pickett v Whipple, 216 AD2d 833; Guariglia v Blima Homes, 224 AD2d 388; Congregation Yetev Lev D’Satmar v 26 Adar N.B. Corp., 192 AD2d 501.)
In order to establish an easement by implication, plaintiffs must demonstrate the following: (1) unity and subsequent separation of title; (2) the claimed easement must have existed prior to separation in an obvious and continued manner evidencing its permanence; and (3) it must have been necessary at the time of the conveyance. (Four S Realty Co. v Dynko, 210 AD2d 622.) The parties acknowledge that unity of *388 title existed which is evidenced by the common grantor’s deed in 1838. However, it is unclear whether the easement continued and was obvious at the time of separation of title. The first indicia of the carriage road in the documents before the court appears in an 1875 deed. The proof before the court is inconclusive with respect to the existence and nature of the claimed easement at the time of separation of title. Notwithstanding the foregoing, the evidence is sufficient to support an inference suggesting that the carriage road was present and necessary at the time of separation. Plaintiffs have also submitted irrefutable proof of continued and obvious use of the easement from the date they acquired the property to the present. The court anticipates that plaintiffs’ burden at trial of establishing an easement by implication by clear and convincing proof may be difficult; however, inferring all facts in a light most favorable to plaintiffs, a question of fact exists with respect to the existence of the carriage road at the time of separation, thereby precluding summary judgment. (See, Kusmierz v Baan, 144 AD2d 829.)
An easement by necessity must be supported by clear and convincing evidence of unity of title and at the time of the subsequent separation of title, it must be shown that “ 'an easement over defendants’ property was absolutely necessary in order to obtain access to plaintiffs land’ ”. (U.S. Cablevision Corp. v Theodoreu, 192 AD2d 835, 838, quoting Astwood v Bachinsky, 186 AD2d 949, 950.) Unlike an easement by implication, an easement by necessity is not based on a preexisting use; rather it is premised on the necessity of the easement for the beneficial use of the property. (Minogue v Monette, 158 AD2d 843.) It is clear that at the time of the separation of title, an easement over defendants’ property was necessary especially in light of the fact that the parcel was landlocked. However, the existence of the carriage road does not necessarily represent the easement by necessity. (See, Carlo v Lushia, 144 AD2d 211.) Unfortunately, the parties have not submitted sufficient evidence to conclusively determine the exact sequence of events which resulted in enveloping plaintiffs’ property. Hence, the court finds that an easement exists by necessity but that a question of fact remains with respect to its location.
Defendant Kathleen Doyle’s motion shall be granted since the action commenced against her has been deemed dismissed *389 by operation of CPLR 306-b (a).[2] It is not refuted that plaintiffs failed to file an affidavit of service and defendant did not appear within 120 days of commencement of the action. Therefore, the action was deemed dismissed 120 days after its commencement. (See, Long v Quinn, 234 AD2d 522.) Plaintiffs do not dispute the fact that they failed to file an affidavit of service as required but argue that the court should forgive this omission since they will have the benefit of recommencing the action pursuant to CPLR 205. While CPLR 205 permits recommencement, it does not provide the court with discretion to ignore the mandates of CPLR 306-b (a) and, therefore, is not a basis for a denial of defendant’s motion.[3] In any event, CPLR 205 permits recommencement within six months after termination which has long since expired based on the fact that the action has been “deemed dismissed” since April 10, 1995 (120 days after commencement). Therefore, the court finds it unnecessary to address defendant’s motion to dismiss based on plaintiffs’ failure to join necessary parties.
Based on the foregoing, defendants William S. Igoe’s and Deborah D. Igoe’s motion is hereby denied to the extent that plaintiffs’ action is based on easement by implication or necessity. The court also finds as a matter of law that an easement by necessity exists but the extent, nature, and location of the easement will be resolved at trial. Defendants’ motion with respect to the remainder of plaintiffs’ allegations is granted. Defendant Kathleen Doyle’s motion is granted in its entirety. The court has considered the remainder of the parties’ contentions and finds them to be without merit.

. Plaintiff testified that the Igoes’ predecessors granted him permission to use the carriage road. Although plaintiffs’ use of the purported easement may have been adverse to the Igoes, it was not for a sufficient length of time.

. Although the filing requirements and “deemed dismissed” language contained in CPLR 306-b (a) were superseded by the new version of CPLR 306-b (eff Jan. 1, 1998), the former version shall be applied in the instant case since the new statute applies only to cases commenced after January 1, 1998. The case at bar was commenced, and in fact, the motion was returnable, prior to the effective date of the statute. Moreover, the action is not being dismissed, at the present time; rather it has been deemed dismissed for almost three years.

. CPLR 2001 and 2004 cannot serve as a basis for rejuvenating the action since the court is divested of its jurisdiction and by logical extension, its discretion, where the case has been deemed dismissed. (See, 53 Siegel’s Practice Review [Jan. 1997], at 3.)