■ RON ASCHE et al., Appellants, v LAND AND BUILDING KNOWN AS 64-29 232ND STREET et al., Defendants, and JOSEPH McMAHON et al., Respondents. [784 NYS2d 577]—

In an action, inter alia, for a judgment declaring that the plaintiffs have an easement over the land of the defendants Joseph McMahon and Lisa McMahon and to enjoin those defendants from interfering with that easement, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated July 24, 2003, which, among other things, after a nonjury trial, in effect, dismissed the complaint.

Ordered that the judgment is modified by adding thereto a provision declaring that the plaintiffs do not have an easement

over the subject strip of land; as so modified, the judgment is affirmed, with costs to the respondents.

The plaintiffs claim that they are entitled to a permanent easement over a section of the defendants' property that is 18 inches wide, abuts the plaintiffs' driveway, and extends from the front of the building line to the rear (hereinafter the disputed strip). The plaintiffs and their predecessors-in-title have used the disputed strip as part of their driveway since 1951 when the subdivision that includes their property was created.

The party seeking to prove that an easement was established must do so by clear and convincing evidence (*see Rivermere Apts. v Stoneleigh Parkway,* 275 AD2d 701 [2000]). To acquire an easement by prescription, it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period (*see Gravelle v Dunster,* 2 AD3d 964 [2003]; *Turner v Baisley,* 197 AD2d 681 [1993]). In this case, the original owners of the plaintiffs' property and the original owners of the respondents' property executed a license in 1966 permitting the original owners of the plaintiffs' property to use the disputed strip. The terms of this agreement rebut the presumption of adversity needed to establish a prescriptive easement (*see Greenhill v Stillwell,* 306 AD2d 434 [2003]; *Colnes v Colligan,* 183 AD2d 693 [1992]).

Furthermore, as to the establishment of an easement by necessity or an easement by implication, the plaintiffs had to prove, inter alia, the element of necessity. For the former they were required to show that their use of the disputed strip was absolutely necessary for the beneficial enjoyment of their property, and for the latter that their use was reasonably necessary for such enjoyment (*see Four S Realty Co. v Dynko,* 210 AD2d 622 [1994]). The plaintiff's property never had a garage in the rear, and the plaintiffs failed to show that the disputed use would provide anything more than a convenience (*id.; cf. Minogue v Monette,* 158 AD2d 843 [1990]; *Pastore v Zlatniski,* 122 AD2d 840 [1986]; *Turner v Baisley, supra*).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the respondents rather than, in effect, dismissing the complaint (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Altman, J.P., Florio, Mastro and Fisher, JJ., concur.