MOBILE MOTIVATIONS, INC., Appellant, v WILLIAM LENCHES et al., Defendants, and RANDHIR JHAMB, Respondent. [809 NYS2d 253]—

Peters, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered September 20, 2004 in Greene County, upon a decision of the court in favor of defendant Randhir Jhamb.

This action sought to enjoin the use of a driveway by defendant Randhir Jhamb (hereinafter defendant), which crosses

plaintiff's property. Defendant owns a .755-acre parcel which abuts plaintiff's .366-acre parcel. Although defendant has a deeded easement west of plaintiff's parcel, he claims an easement over plaintiff's parcel, designated as the "new driveway," to access his home because a septic system, constructed over the former driveway which led from the deeded right-of-way, rendered the deeded access unuseable. Defendant answered and counterclaimed alleging, among other things, that he acquired the easement by necessity, prescription and/or implication. After a nonjury trial, Supreme Court agreed, thereby prompting this appeal.

As we may "independently consider the probative weight of the evidence" (*Jump v Jump,* 268 AD2d 709, 710 [2000]; *see Sterling v Sterling,* 21 AD3d 663, 664 [2005]) and "render the judgment [we] find[ ] warranted by the facts" (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *but see Thoreson v Penthouse Intl.,* 80 NY2d 490, 495 [1992]), we find that with due deference accorded to the trial court's credibility determinations (*see Martin v Fitzpatrick,* 19 AD3d 954, 957 [2005]; *Alternatives Fed. Credit Union v Olbios, LLC,* 14 AD3d 779, 780 [2005]), defendant established his claim for an easement by clear and convincing evidence (*see Led Duke v Sommer,* 205 AD2d 1009, 1010 [1994]; *see generally Minogue v Monette,* 158 AD2d 843 [1990]).

To establish a claim for a prescriptive easement, it must be found that there was an "adverse, open and notorious, continued and uninterrupted use of defendant's property for the prescriptive period of 10 (formerly 15) years" (*Led Duke v Sommer, supra* at 1010); we may tack on the time of predecessor in title to fulfill the requisite statutory period (*see Slater v Ward,* 92 AD2d 667, 668 [1983]).* Working from the commencement of this action in July 2001, the record reflects that prior to October 1989, both parcels were owned by Kallman Realty. Defendant's .755-acre parcel was transferred by Kallman Realty to Jay Kallman, the owner's brother, in April 1990. Kallman testified that in 1989, before he took title, he used the "new driveway" for construction of defendant's home. Kallman further testified that when he and his brother found out that the proposed leach

---

* While generally the proof of an open, notorious and continued use of the property for the prescriptive period raises the presumption that the use was hostile, "in situations where it is shown that the user and the landowner are related by blood . . . the proponent is not accorded the benefit of the presumption and must present affirmative facts to support the conclusion that his or her use was under a claim of right and adverse to the interests of the landowner" (*Wechsler v New York State Dept. of Envtl. Conservation,* 193 AD2d 856, 860 [1993], *lv denied* 82 NY2d 656 [1993]).

field for the new house did not perk, they had to build up a septic system in the area where the former driveway, accessed by the deeded right-of-way, existed. This eliminated the use of the former driveway and thus established the use of the new driveway in 1989. Moreover, when Kallman learned that he was using the new driveway illegally, he applied for a permit for its construction in November 1990. Robert Winans, engineer for the Department of Transportation, buttressed Kallman's testimony and confirmed that such driveway was completed on May 28, 1991. Kallman acknowledged that before he took title, he and his brother talked about creating an easement for the new driveway, recognizing that if they were going to sell the newly constructed house, they would need a deeded right-of-way over what is now plaintiff's .366-acre parcel. Finally, Kallman testified that the new driveway was always being used with permission from his brother and that, from July 1993 until March 1995, the .755-acre parcel was probably not in use since it was in foreclosure. With its transfer, thereafter, to defendants William Lenches and Lorraine Lenches, who later deeded it to defendant in June 1998, testimony revealed that the new driveway was used exclusively from that time forward to access the property. Giving due deference to the findings made by Supreme Court, we cannot discern, from these facts, that defendant established a prescriptive easement by clear and convincing evidence. The use was not adverse or uninterrupted (*see Wechsler v New York State Dept. of Envtl. Conservation,* 193 AD2d 856, 860 [1993], *lv denied* 82 NY2d 656 [1993]).

Yet, these facts do support the establishment of an easement by implication. An implied easement will arise "upon severance of ownership when, during the unity of title, an apparently permanent and obvious servitude was imposed on one part of an estate in favor of another part, which servitude at the time of severance is in use and is reasonably necessary for the fair enjoyment of the other part of the estate" (*Minogue v Monette, supra* at 844). An easement by necessity also depends upon a unity of ownership followed by a severance, but "rests not on a preexisting use, but on the need for the way for the beneficial use of the property after conveyance" (*id.*; *see Four S Realty Co. v Dynko,* 210 AD2d 622, 623 [1994]). From the testimony adduced, we find these parcels to have been united in title prior to 1989 and that Kallman Realty always intended, both before and after severance, to create a permanent servitude upon what is now plaintiff's property for access to what is now defendant's property due to the unavailability of the former driveway which serviced the deeded right-of-way; the new easement would, therefore, be reasonably necessary for the fair enjoyment of

defendant's estate (*see Minogue v Monette, supra* at 844; *cf. Pickett v Whipple,* 216 AD2d 833, 834-835 [1995]; *Four S Realty Co. v Dynko, supra* at 623; *Abbott v Herring,* 97 AD2d 870, 870 [1983], *affd* 62 NY2d 1028 [1984]).

We next address whether defendant proved the establishment of an easement by strict necessity. Regardless of the deeded right-of-way, Kallman's testimony indicated that such right-of-way became unuseable once alterations were made to the proposed septic system on defendant's parcel. Giving deference to this testimony, it is apparent that defendant's parcel would otherwise be landlocked without the new easement (*see Palmer v Palmer,* 150 NY 139, 146-147 [1896]; *Stock v Ostrander,* 233 AD2d 816, 817-818 [1996]; *Carlo v Lushia,* 144 AD2d 211, 211 [1988]). For this reason, an easement by strict necessity was proven.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without cost, by reversing so much thereof as found that defendant Randhir Jhamb acquired an easement by prescription; and, as so modified, affirmed.