■ WEST END PROPERTIES ASSOCIATION OF CAMP MINEOLA, INC., Appellant-Respondent, v ROBERT E. ANDERSON, Respondent-Appellant. [823 NYS2d 412]—

In an action, inter alia, pursuant to RPAPL article 15 for a determination that the defendant does not have an easement over the plaintiff's property, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), entered July 28, 2004, as denied his motion for summary judgment, and the defendant cross-appeals from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is reversed insofar as cross-appealed from, on the law, and the cross motion is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On appeal, the plaintiff contends that it is entitled to summary judgment because no easement was created by implication

from pre-existing use, and the defendant contends that it is entitled to summary judgment because such an easement exists. Although this issue is raised for the first time on appeal, both parties have briefed it and they concede that the record is sufficient to determine it. Therefore, we may properly determine the issue (cf. *Mullaney v Koenig,* 21 AD3d 939 [2005]; *Hoffman v City of New York,* 301 AD2d 573 [2003]; *Weiner v MKVII-Westchester,* 292 AD2d 597 [2002]; *Matter of Carlton v Zoning Bd. of Appeals of Town of Bedford,* 111 AD2d 169, 170 [1985]).

An easement may be implied from pre-existing use upon severance of title when three elements are shown: "(1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary to the beneficial enjoyment of the land retained" (*Abbott v Herring,* 97 AD2d 870 [1983], *affd* 62 NY2d 1028 [1984]; *see Monte v DiMarco,* 192 AD2d 1111 [1993]; *cf. Pastore v Zlatniski,* 122 AD2d 840 [1986]; *Bigg v Webb Props.,* 118 AD2d 613 [1986]). To satisfy the necessity element, the proponent need only establish "reasonable," not absolute, necessity (*see Monte v DiMarco, supra* at 1112).

The parties' combined submissions, including a 1906 indenture, several other deeds incorporating the 1906 indenture by reference, photographs and maps of the southern road, and the 20-year delay between the original defendant's assertion of his right to use the southern road and the filing of the plaintiff's lawsuit, demonstrate that the use of the easement prior to the separation of title had been long continued and obvious, and was meant to be permanent. Finally, given the proximity of the defendant's parcel to the bay, the previous enjoyment of beach access by the defendant's predecessors-in-title, and the lack of alternative access to the beach, the use of the southern road is reasonably necessary for the beneficial enjoyment of the defendant's parcel (*see Tenenbaum v Sea Gate Assn.,* 253 AD 166, 170-171 [1938]). Therefore, the defendant is entitled to summary judgment.

In light of our determination, we need not consider the parties' remaining contentions. Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.