■ XXXX, L.P., Respondent, v 363 PROSPECT PLACE, LLC, et al., Appellants. [60 NYS3d 84]—

In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiff has an easement over property owned by the defendants, the defendants appeal from an order of the Supreme Court, Kings County (Edwards, J.),

dated August 23, 2015, which granted the plaintiff's motion for a preliminary injunction, denied the defendants' cross motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and set an undertaking in the sum of only $10,000 pursuant to CPLR 6312 (b).

Ordered that the order is affirmed, with costs.

The plaintiff and the defendants own abutting lots in Brooklyn. Prior to the current ownership, the abutting lots constituted a single parcel with a common driveway. Under the current ownerships, the driveway lies partially on the plaintiff's property and partially on the defendants' property. The plaintiff, which acquired its property in December 1998, alleged that it has openly and continuously used the driveway to access a service entrance and parking area on its premises. The plaintiff maintained that the driveway was the only means by which a car could reach those areas. The defendants acquired the adjacent property in March 2012. Thereafter, the defendants began construction on their property to erect a residential building. The plaintiff alleged that the defendants' construction impeded access to the driveway, thus preventing the plaintiff from utilizing its service entrance and parking area. The plaintiff also alleged that the defendants intend to remove their portion of the driveway in order to install a public yard for the enjoyment of their prospective tenants. The plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that it has an easement by necessity, by preexisting use, and by prescription over the defendants' portion of the driveway. The plaintiff moved, among other things, to preliminarily enjoin the defendants from removing, blocking, or preventing the usage of any part of the driveway. The defendants cross-moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. In an order dated August 23, 2015, the Supreme Court granted the plaintiff's motion for a preliminary injunction, denied the defendants' cross motion to dismiss the complaint, and directed the plaintiff to post an undertaking in the sum of $10,000. The defendants appeal.

Contrary to the defendants' contention, the Supreme Court properly denied that branch of their cross motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint. "A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that a defense is founded on documentary evidence 'may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Attias*

*v Costiera*, 120 AD3d 1281, 1282 [2014], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Here, the proffered documentary evidence does not conclusively dispose of the plaintiff's causes of action for a judgment declaring that it has an implied easement by preexisting use, an easement by necessity, and an easement by prescription.

The Supreme Court also properly denied that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint. In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Pinnacle Realty of N.Y., LLC v 255 Butler, LLC*, 125 AD3d 952 [2015]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 832 [2014]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Pinnacle Realty of N.Y., LLC v 255 Butler, LLC*, 125 AD3d 952 [2015]). Here, the proffered evidence failed to conclusively establish that the plaintiff did not have a cause of action for an easement by necessity (*see Smiley Realty of Brooklyn, LLC v Excello Film Pak, Inc.*, 67 AD3d 891, 892 [2009]; *Minogue v Monette*, 158 AD2d 843 [1990]; *Moody v Sun*, 127 AD2d 570 [1987]; *cf. Curanovic v Cordone*, 134 AD3d 978 [2015]; *Asche v Land & Bldg. Known as 64-29 232nd St.*, 12 AD3d 386 [2004]), an easement by preexisting use (*see West End Props. Assn. of Camp Mineola, Inc. v Anderson*, 32 AD3d 928, 929 [2006]; *Monte v DiMarco*, 192 AD2d 1111, 1112 [1993]; *Minogue v Monette*, 158 AD2d 843 [1990]), or an easement by prescription (*see Martin Weiszberger in Trust v Husarsky*, 114 AD3d 731, 731-732 [2014]; *Vitiello v Merwin*, 87 AD3d 632 [2011]; *Karlin v Bridges*, 172 AD2d 644, 645-646 [1991]; *cf. Colin Realty Co., LLC v Manhasset Pizza, LLC*, 137 AD3d 838, 839-840 [2016]; *Duckworth v Ning Fun Chiu*, 33 AD3d 583 [2006]).

To obtain a preliminary injunction, the movant must estab-

lish (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d 623, 624 [2011]; *Rowland v Dushin*, 82 AD3d 738, 739 [2011]). The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (*see Reichman v Reichman*, 88 AD3d 680, 681 [2011]; *Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d at 625). " 'The mere existence of an issue of fact will not itself be grounds for the denial of the motion' " (*Reichman v Reichman*, 88 AD3d at 681, quoting *Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d at 625). Here, the plaintiff demonstrated a likelihood of success on the merits (*see Martin Weiszberger in Trust v Husarsky*, 114 AD3d at 731-732; *Vitiello v Merwin*, 87 AD3d 632 [2011]; *West End Props. Assn. of Camp Mineola, Inc. v Anderson*, 32 AD3d at 929; *Monte v DiMarco*, 192 AD2d at 1112; *Karlin v Bridges*, 172 AD2d 644 [1991]; *Minogue v Monette*, 158 AD2d 843 [1990]; *Moody v Sun*, 127 AD2d 570 [1987]), the prospect of irreparable injury absent a preliminary injunction (*see 84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp.*, 91 AD3d 702, 703 [2012]; *Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d at 625; *Winzelberg v 1319 50th Realty Corp.*, 52 AD3d 700 [2008]), and that a balance of the equities weighed in its favor. Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a preliminary injunction.

Furthermore, the Supreme Court providently exercised its discretion in directing the plaintiff to post an undertaking in the sum of $10,000, as that sum was rationally related to the amount of potential damages the defendants might sustain (*see 84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp.*, 91 AD3d at 703; *Clover St. Assoc. v Nilsson*, 244 AD2d 312, 313 [1997]). Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.