538 Morgan Ave. Props., LLC v 538 Morgan Realty, LLC (2020 NY Slip Op 04530)





538 Morgan Ave. Props., LLC v 538 Morgan Realty, LLC


2020 NY Slip Op 04530


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-08433
2018-00462
 (Index No. 507788/15)

[*1]538 Morgan Avenue Properties, LLC, et al., respondents,
v
538 Morgan Realty, LLC, et al., appellants (and a third-party action).


Aihong You, New York, NY, for appellants.
Dai & Associates, P.C., New York, NY (Jacob Chen of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal from (1) an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated May 3, 2017, and (2) an order of the same court dated November 15, 2017. The order dated May 3, 2017, insofar as appealed from, granted the plaintiffs' motion for a preliminary injunction, and denied the defendants' cross motion, inter alia, to recover interest and fees allegedly owed. The order dated November 15, 2017, insofar as appealed from, in effect, denied that branch of the defendants' motion which was to increase the amount of the undertaking posted by the plaintiffs and, upon renewal and reargument, adhered to the prior determinations in the order dated May 3, 2017, granting the plaintiffs' motion and denying the defendants' cross motion.
ORDERED that the appeal from the order dated May 3, 2017, is dismissed, as the portion of the order appealed from was superseded by the order dated November 15, 2017, made upon renewal and reargument; and it is further,
ORDERED that the order dated November 15, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
By contract dated March 3, 2015, the plaintiff NY Stone Kitchen Depot, Inc. (hereinafter NYSKD), agreed to purchase the business of the defendant SD Int'l, Inc. (hereinafter SD). That contract provided, inter alia, that after the closing of that transaction, NYSKD would start operating the business located at a certain Brooklyn premises and form a tenant/landlord relationship with SD until the title of that premises was transferred from the defendant 538 Morgan Realty, LLC (hereinafter MR), to the plaintiff 538 Morgan Avenue Properties, LLC (hereinafter MAP). By separate contract dated March 3, 2015, MAP agreed to purchase from MR the premises where the business was located. Thereafter, the plaintiffs commenced this action, inter alia, for specific performance of the contract for the sale of the premises.
The plaintiffs moved for a preliminary injunction to enjoin the defendants from terminating the plaintiffs' occupancy pending the determination of the action. The defendants cross-moved, inter alia, to recover interest and fees allegedly owed. In an order dated May 3, 2017, the Supreme Court, among other things, granted the plaintiffs' motion for a preliminary injunction and denied the defendants' cross motion. The defendants moved, inter alia, in effect, to increase the amount of the undertaking posted by the plaintiffs, and for leave to renew and reargue both their opposition to the plaintiffs' prior motion and their prior cross motion. In an order dated November 15, 2017, the court, among other things, in effect, denied that branch of the defendants' motion which was to increase the amount of the undertaking posted by the plaintiffs and, upon renewal and reargument, adhered to its prior determinations. The defendants appeal.
To obtain a preliminary injunction, a movant must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor (see CPLR 6301; XXXX, L.P. v 363 Prospect Place, LLC, 153 AD3d 588, 591). "A court evaluating a motion for a preliminary injunction must be mindful that the purpose of a preliminary injunction is to maintain the status quo and not to determine the ultimate rights of the parties" (Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 637; see Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d 942, 942). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (XXXX, L.P. v 363 Prospect Place, LLC, 153 AD3d at 591). "Absent unusual or compelling circumstances, appellate courts are reluctant to disturb that determination" (Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d at 637). In this case, where, inter alia, a balancing of the equities favors the granting of preliminary injunctive relief to maintain the status quo pending the action's resolution (see id. at 637-638), we agree with the Supreme Court's determination, upon renewal and reargument, adhering to its determination granting of the plaintiffs' motion for a preliminary injunction.
We further agree with the Supreme Court's determination, in effect, to deny that branch of the defendants' motion which was to increase the amount of the undertaking posted by the plaintiffs. The amount of the undertaking the court fixed was rationally related to the amount of potential damages that the defendants established they might sustain (see CPLR 6312[b]; 84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp., 91 AD3d 702, 703).
The defendants' remaining contentions are without merit.
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court