Doering v Oelsner (2025 NY Slip Op 06048)

Doering v Oelsner

2025 NY Slip Op 06048

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-08390
2021-09185
 (Index No. 606130/20)

[*1]Nicholas H. Doering, appellant,
v
Vesna Oelsner, et al., respondents.

Regan Lally, Locust Valley, NY, for appellant.
EJ Smyth & Company, PLLC, Huntington, NY (Kenneth O. Britt of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for trespass, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered September 27, 2021, and (2) an order of the same court entered December 2, 2021. The order entered September 27, 2021, after a hearing, denied the plaintiff's motions for a preliminary injunction. The order entered December 2, 2021, among other things, denied the plaintiff's motion to disqualify the defendants' counsel.
ORDERED that the appeal from the order entered December 2, 2021, is dismissed as abandoned; and it is further,
ORDERED that the order entered September 27, 2021, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order entered December 2, 2021, must be dismissed as abandoned, as the plaintiff has withdrawn the arguments in his appellant's brief in support of reversal of that order.
The plaintiff and the defendants are the owners of certain parcels of real property located in the Incorporated Village of Centre Island. In 2020, the plaintiff commenced this action, inter alia, to recover damages for trespass, alleging that the defendants were trespassing on his property. Thereafter, the plaintiff twice moved for a preliminary injunction enjoining the defendants from, among other things, accessing his property. In an order entered September 27, 2021, the Supreme Court, after a hearing, denied the motions. The plaintiff appeals.
"To obtain a preliminary injunction, the movant must establish (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor" (XXXX, L.P. v 363 Prospect Place, LLC, 153 AD3d 588, 590-591). Here, the Supreme Court providently exercised its discretion in denying the plaintiff's motions for a preliminary injunction, as the plaintiff did not demonstrate a likelihood of success on the merits [*2]of his causes of action (see Brighton Leasing Corp. v Brighton Realty Corp., 233 AD3d 839; cf. Merling v Ash Dev., LLC, 198 AD3d 743; Arcamone-Makinano v Briton Prop., Inc., 83 AD3d 623).
The plaintiff's remaining contentions are without merit.
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court