John M. Mtjrtagh, J.
Plaintiff moves for summary judgment.
The action is brought to recover against an adjoining owner (a) $2,579 representing the cost for the installation of rear fire escapes at premises 348 West 45th Street, Manhattan, and (b) for judgment in the form of a declaration of (an easement in favor of plaintiff, as owner of premises 348 West 45th Street, against defendant, as owner of the adjacent parcel on the east, known as 346 West 45th 'Street.
The two buildings are five-story multiple dwellings, connected by a party wall, and each premises joined at the rear by party wall balconies located on the second through fifth floors. By means of these balconies, the rear tenants of each premises could escape from a fire and leave through the adjoining premises to the street.
Subsequent to October 18, 1970 and prior to December 30, 1970 (when a fire occurred in 346 W. 45th St.) defendant’s premises became vacant and the building closed off.
Defendant, by doing so, deprived tenants of plaintiff’s premises from using defendant’s premises as a means of egress to the street through the rear'party wall balconies.
On February 25, 1971 the Department of Rent and Housing Maintenance, etc., filed a notice of violation against each premises, to wit “ 346 West 45th Street is a vacant building and therefore no secondary means of egress for rear tenants of 348 West 45th Street ”.
Plaintiff complied with the violation by erecting fire escapes at the rear of 348 West 45th Street. The rear fire escapes placed the “ exiting ” in the backyard of 348 West 45th Street, *456 an enclosed area 15 feet deep by 25 feet wide. This was not a suitable or legal egress. (See Multiple Dwelling Law, § 187, subd. 1, par. h.) > To comply with the requirements of the Department of Buildings’ rules and regulations, the “ exiting ” tenants must use defendant’s yard.
Defendant’s acts in vacating and boarding his building prevented the tenants of the adjoining premises to exit therefrom. It violated subdivision (b) of section C26-1905.2 of the New York City Administrative Code: “No party wall balcony or horizontal fire exit shall be demolished, removed, or obstructed in any manner that would destroy the full effectiveness of such fire exit as means of egress, unless a substitute means of egress meeting the requirements of this code have been provided.”
A similar statute is contained in section 53 of the Multiple Dwelling Law.
An owner violating those sections is liable for the resulting damages (348 St. Nick Corp. v. Northchester Corp., 53 N. Y. S. 2d 364 [App. Term, 1st Dept.]).
It appears that over 75 years ago three buildings were constructed by a common owner known as 344, 346 and 348 West 45th Street. They were all joined at the rear and shared common party wall balconies. During this common ownership a permanent and necessary servitude was imposed to continue the maintenance and use of the balconies as a secondary means of egress. The subsequent conveyance of each of these parcels to separate individual owners carried with it the implied grant of right to commonly use the balconies as a means of egress, and imposed upon each owner the duty not to obstruct or remove same to the detriment of the adjoining owner (Klein v. Fifth Development Corp., 32 Misc 2d 837 [Sup. Ct., N. Y. County]).
Plaintiff is entitled to an easement of necessity in favor of plaintiff to the right of way through the adjoining fence, and onto defendant’s backyard. Plaintiff, as owner of the dominant parcel, has the right to cross upon defendant’s premises, as the subservient parcel, for the safety and welfare of the occupants of plaintiff’s premises.
The motion is granted.