## (February 1, 1973)

■ MID-CENTRAL PROPERTIES, LTD., Respondent, v. 344 WEST 45TH STREET CORP., Appellant.— Order and judgment (one paper), Supreme Court, New York County, entered on or about January 31, 1972, unanimously affirmed, on opinion of Murtagh, J., at Special Term, and that the respondent recover of the appellant $60 costs and disbursements of this appeal. No opinion. Concur — Markewich, J. P., Nunez, Lane, Tilzer and Macken, JJ. [73 Misc 2d 454.]

■ IRVING GOSTIN, Appellant, v. RUTH GOSTIN, Respondent.— Order, Supreme Court, Bronx County, entered July 24, 1972, unanimously affirmed, without costs and without disbursements. In affirming we note again, as we did recently (Levene v. Levene, 41 A D 2d 530) "that ordinarily appeals from the granting of temporary alimony are not favored, as it is clearly more expedient and less consuming of both judicial time and that of the attorneys if counsel would promptly proceed to trial in accordance with section 249 of the Domestic Relations Law, which has legislatively expressed the entitlement to preference in the trial of such matters where justice so requires. (De Gasper v. De Gasper, 31 A D 2d 886.) The remedy for any claimed inequity in awards of temporary alimony, child support or maintenance is a speedy trial where the respective finances of the parties can be ascertained and a permanent award based on the evidence made. (Frost v. Frost, 38 A D 2d 786.) The amount of permanent alimony and support, if any, is ultimately based on evidence and not upon the temporary alimony, which is usually determined by the submitted papers. (Schine v. Schine, 28 A D 2d 976, Sklan v. Sklan, 29 A D 2d 526, Brown v. Brown, 31 A D 2d 516.) " The stay granted by order of this court entered September 12, 1972, is vacated. Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.

■ In the Matter of DOLORES FREED, Respondent, v. SIDNEY FREED, Appellant.— Order, Family Court of the State of New York, New York County, entered July 31, 1972, granting an examination before trial, unanimously reversed, on the law and the facts without costs and without disbursements, and the motion denied. The petitioner in this proceeding is seeking modification of an alimony provision contained in an earlier matrimonial decree. The parties have been divorced for over four years and the husband has since remarried. In a case such as this, where the pretrial examination requested would become an exacerbating circumstance, such examination must be denied, absent a showing of special circumstances by the party seeking to change the present alimony provisions (Hunter v. Hunter, 10 A D 2d 291, 294; Stern v. Stern, 39 A D 2d 87, 89; cf., Kover v. Kover, 29 N Y 2d 408, 413). Concur — McGivern, J. P., Markewich, Nunez, Lane and Macken, JJ.