■ MARIAN SALTZMAN, Respondent, v STUART B. SALTZMAN, Appellant. —Order, Supreme Court, New York County, entered May 17, 1976, granting plaintiff wife temporary support of $100 per week and $1,000 in counsel fees, unanimously affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal. Plaintiff's motion to strike defendant's reply brief, denied, without costs. The parties were married four months when the wife left the marital abode. The wife commenced action for divorce claiming cruel and inhuman treatment; the husband counters with a claim of abandonment. The husband has emptied the parties' joint savings account containing almost $24,000. At the time of separation the wife was pregnant but she has since aborted. She claims she is too weak to work as a consequence of the abortion and, in any event, she, being a substitute teacher in the financially troubled New York City school system, would be unable to find work even if healthy. The husband is a dentist who earned a net salary of $300 a week, until shortly after the separation. He has since moved to California where he is not working but studying for the California dental examinations. While the parties were married, the husband provided support for the wife. The husband has several thousand dollars belonging to the wife, while the wife appears to be impecunious. A determination of whether or not the wife is capable of being self-supporting cannot be made on the record and should await a plenary hearing (see *Phillips v Phillips,* 1 AD2d 393, affd 2 NY2d 742). The husband's voluntary abandonment of gainful employment does not bar the court from granting the wife alimony based upon the income the husband is capable of earning by honest efforts *(Kay v Kay,* 37 NY2d 632, 637; *Hickland v Hickland,* 39 NY2d 1, 6). The circumstances of this case support the court's grant of alimony *pendente lite* as coming within the broad discretion provided the court by section 236 of the Domestic Relations Law. Further, setting counsel fees of $1,000, in light of the wife's financial plight and the fact that the husband's counterclaim

indicates that the matter will be prosecuted through to trial, is well within the discretion given the court by section 237 of the Domestic Relations Law. We note that in July, 1976 Special Term directed that this case should rapidly proceed to trial. In affirming a *pendente lite* alimony and counsel fee award, we note again as we have on numerous previous occasions " 'that ordinarily appeals from the granting of temporary alimony are not favored, as it is clearly more expedient and less consuming of both judicial time and that of the attorneys if counsel would promptly proceed to trial in accordance with section 249 of the Domestic Relations Law, which has legislatively expressed the entitlement to preference in the trial of such matters where justice so requires.' " (See *Singh v Singh,* 41 AD2d 914; *Gostin v Gostin,* 41 AD2d 606; *Levene v Levene,* 41 AD2d 530.) Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Nunez, JJ.