**5** AMALGAMATED DWELLINGS, INC., Appellant-Respondent, v HILLMAN HOUSING CORPORATION, Respondent-Appellant. [749 NYS2d 251] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered June 1, 2001, which, in an action between residential cooperatives involving ownership and use of closed street beds abutting plaintiff's property on the west, for many years used by the residents of both cooperatives as a park, and on the north, for many years used by plaintiff to store its garbage for pickup, on defendant's preanswer motion to dismiss, dismissed plaintiff's causes of action for nullification of the 1949 deed from the City conveying the closed street beds to defendant or for reformation of the deed so as to make the parties co-owners of the conveyed street beds, imposition of constructive trusts on plaintiff's ownership of the street beds for defendant's benefit, and a declaration that plaintiff has an easement by necessity to the park for the purpose of performing repairs to its western facade and related injunctive relief, and sustained plaintiff's causes of action for declarations that it has an easement by necessity to store its garbage for collection on the northern street bed and related injunctive relief, and easements by prescription over both the western and northern street beds, unanimously affirmed, without costs. Plaintiff's last possession of any interest in the street beds was in 1948 when it released any claims it might have had against the City by reason of the closing of the streets. Thus, the cause of action to nullify the deed, which is based on an allegation that the grant of the entire area constituting the closed street beds, including portions that abutted its property but not defendant's property, is at variance with limiting language in the deed, is time-barred (CPLR 212 [a]). Similarly, the cause of action for reformation is time-barred, since, if it was a mistake to convey the entire area only to defendant, any such mistake occurred in 1949 when the deed was made (CPLR 213 [6]; *see Federal Deposit Ins. Corp. v Five Star Mgt.*, 258 AD2d 15, 20). There is no merit to plaintiff's claim that defendant should be estopped from raising the statute of limitations, since plaintiff

could not have reasonably relied on any alleged oral promise of an unlimited right to use and enjoy the conveyed street beds, which necessarily had to be in writing (*see City Sts. Realty Corp. v Resner*, 174 AD2d 408; *Textile Capitol Bldg. Corp. v Wendel Found.*, 253 App Div 332, 338, *affd* 279 NY 769), once the deed, which reserved no rights to plaintiff whatsoever, was executed (*see Aris Indus. v 1411 Trizechahn-Swig*, 294 AD2d 107, 107-108). Similarly, plaintiff's causes of action to impose constructive trusts are time-barred, since any wrongful conduct occurred in 1949 when the conveyance was made (*see Maric Piping v Maric*, 271 AD2d 507, 508).

The causes of action for an injunction and easement by necessity for repairs to plaintiff's western facade, which abuts the park, were properly dismissed on the ground that plaintiff has a statutory right to seek such access through a special proceeding (RPAPL 881), and, accordingly, is asserting a mere right of convenience, not necessity (*see Olin v Kingsbury*, 181 App Div 348, 351). However, no such statutory right negates the allegation of necessity with respect to the easement claimed for garbage pickup, as to which plaintiff shows the requisite "reasonable" need (*see id.*). Also properly sustained was the proposed new cause of action for easements by prescription to both the park and the garbage storage area. Defendant admits that plaintiff has standing to bring this claim as to the garbage storage area based on past use, and, as to the park, plaintiff has standing based on its tenants' adverse possession (*see Bradt v Giovannone*, 35 AD2d 322, 325). Certainly, if plaintiff's tenants over the years used the park under a claim of right, it was a right appurtenant to their lease, not some right claimed by them as individuals, and any easement that might be granted would not follow a tenant after his or her tenancy ended. Furthermore, the presumption of adverse use raised by plaintiff's tenants' open and notorious use of the park, as buttressed by plaintiff's allegation that it contributed to the cost of maintaining the park, is not negated by parties' neighborly relations over the years (*see Cannon v Sikora*, 142 AD2d 662, 663, *lv denied* 74 NY2d 615).

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Williams, P.J., Nardelli, Tom and Lerner, JJ.