Bennett v 48 Laight St. Assoc. (2004 NY Slip Op 50127(U))

[*1]

Bennett v 48 Laight St. Assoc.

2004 NY Slip Op 50127(U)

Decided on February 26, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 26, 2004

Supreme Court, New York County
 JEFFREY BENNETT and REFIK RADONCIC, Plaintiffs,
against
48 LAIGHT STREET ASSOCIATES, Defendant.
Index No. 118747/03

LOUIS B. YORK, J.
The following papers, numbered 1 to were read on this motion for Preliminary Injunction
 PAPERS NUMBERED
Cross-Motion: [ ] Yes [ ] No
This is an action for a declaratory judgment and permanent injunction declaring that plaintiffs have an easement by necessity in the use of plaintiffs' premises as an emergency exit to the street, and enjoining defendant from in any way interfering with the easement. Plaintiffs now move for preliminary injunctive relief and defendant moves for summary judgment.
Plaintiffs and defendant own adjoining properties. Originally, both premises were owned by a single entity. Plaintiffs' building had a fire ladder attached to the rear of the building, which was available to the tenants to get to the street through defendant's property. This was the situation when the two properties were sold to the parties to this action.
Defendant is constructing a building on his property. It will be built up to plaintiffs' building, thereby eliminating access to the street by the tenants in the rear of plaintiffs' building in the event of an emergency.
Plaintiffs contend that the rear tenants have an easement by necessity in the emergency exit. Defendant claims that plaintiffs can create alternative means of access by fully wet sprinkling the building and constructing an independently enclosed hallway of one hour resistance to fire. Its architect suggests keeping the existing fire escapes, but substituting the fire ladder with a fully enclosed two-hour exit corridor inside the premises and ultimately exiting onto the street.
The Court notes that an easement by necessity arises when an owner of a unified premises divides it up and sells the divided parcel or parcels to a purchaser or purchasers. Whether a [*2]subsequent purchaser then has need for an easement depends on his need for access to a portion of the premises (Minogue v Monette, 158 AD2d 843, 551 NYS2d 427 [3rd Dept 1990]). The means by which this need is satisfied must, however, be reasonable (Amalgamated Dwellings v Hillman Housing Corp., 299 AD2d 199, 749 NYS2d 251 [1st Dept 2002]). In Mid Central Properties v 344 West 45th St., 341 NYS2d 912 [Sup Ct NY Cty 1971], affd without op 41 AD2d 606, 340 NYS2d 379 [1st Dept 1973], a formerly unified premises consisting of two separate buildings connected by a firewall, each of the buildings were sold to different purchasers. Adjoining balconies were sold as emergency exits from one building to another. The defendant who had boarded up its building was ordered to remove the boarding material in order to continue the balconies as emergency exits. To the same effect is 231 Centre Street Associates v 231 Post Brothers Service Station, 252 AD2d 406, 675 NYS2d 92 [1st Dept 1998]. There, the Court ordered that the only path through the defendant's property to plaintiff's restaurant when the two properties were unified became an easement by necessity when the properties were leased separately.
In the instant action, as long as the fire ladder and defendant's property represent the sole existing means of exit for the tenants in the rear of plaintiffs' property, they have a necessary easement. While other means might be constructed to provide an alternative means of exit, they do not presently exist. Until alternate means become available, if ever, plaintiffs have a need for the such an easement. Defendant also is required to preserve the easement to fulfill its duty not to cause its property to be used in a way that causes harm to its neighbors (532 Madison Ave. Gourmet Foods v Finlander Center, 96 NY2d 280, 727 NYS2d 409 [2001]).
The foregoing discussion establishes the likelihood that plaintiff will succeed on the merits and that the loss of an emergency exit will cause it irreparable harm in the event of an emergency such as a fire. Without such an exit, plaintiff is very likely to receive violations from the Building Department together with a high probability of a vacate order because of hazardous conditions. Comparing such hardship to the necessity for defendant to merely pare down its plans to preserve the fire ladder and a path to the street establishes that the balance of hardships clearly falls in favor of the plaintiffs. Plaintiffs, therefore, are entitled to a preliminary injunction (Grant v Sirogi, 52 NY2d 496, 517, 438 NYS2d 761). Accordingly, it is
ORDERED, that the defendant is directed to immediately restore the fire ladder to 46 Laight Street to its original position and provide access from the fire ladder to Laight Street.
 Dated: February 26, 2004Enter:
Louis B. York, J.S.C.
Check one: [ ] FINAL DISPOSITION [ ] NON-FINAL DISPOSITION
Decision Date: February 26, 2004