■ ROBERT M. BOOKCHIN et al., Respondents, v THOMAS MARACONDA, JR., Appellant.—Order and judgment (one paper), Supreme Court, Westchester County (Vincent Gurahian, J.), entered on or about November 10, 1988, which granted summary judgment to plaintiffs and denied defendant's cross motion for summary judgment, unanimously affirmed, without costs or disbursements.

At issue is defendant's asserted right-of-way over plaintiffs' driveway based upon an easement by adverse possession. For many years, plaintiffs' predecessors in interest had granted defendant's parents, pursuant to written agreement, a license to use the driveway. Due to disagreements, plaintiffs notified defendant's parents that the license would be canceled as of November 11, 1976. In May 1977, plaintiffs wrote defendant's parents indicating their awareness of the unauthorized use of the driveway and that plaintiffs were reserving their rights to enforce their exclusive right to the property. Plaintiffs continued to allow defendant to use the driveway after defendant's parents died. On March 21, 1983, plaintiffs wrote defendant explaining that the driveway needed repair, requesting that he contribute to the cost of such repair and suggesting that a new license agreement be negotiated. In their letter, plaintiffs expressly noted that they had permitted defendant the use of their driveway as a courtesy. Negotiations took place over the next several years while plaintiffs continued to permit defendant to use the driveway. Ultimately, the parties were unable to reach an agreement.

On July 30, 1987, plaintiffs brought this action to quiet title.

Defendant counterclaimed and asserted that, following the 1976 cancellation of the license, he and his parents continued to use plaintiffs' driveway openly, continuously and adversely for a period in excess of 10 years. Defendant thus claimed an easement by adverse possession. Upon the parties' cross motions for summary judgment, the court concluded that the use of the driveway was permissive and not adverse and granted summary judgment in favor of plaintiffs. We affirm.

The necessary elements to prove a prescriptive easement are "adverse, open and notorious, continuous and uninterrupted for the prescriptive period." *(Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512.) If the elements of open, notorious and continuous use are proven, the element of adverse use will be presumed. *(Pirman v Confer,* 273 NY 357.) Plaintiffs, however, have adequately demonstrated that defendant's use of the property was permissive as of November 11, 1976. The relationship between plaintiffs and defendant as well as his predecessor in title "was one of cooperation and neighborly accommodation" *(Susquehanna Realty Corp. v Barth,* 108 AD2d 909, 910), from which permission may be inferred *(Hassinger v Kline,* 91 AD2d 988). Indeed, the permission was, as explicitly noted in a March 21, 1983 letter from plaintiffs, extended purely as a courtesy and thus the running of the alleged prescriptive period was certainly ended as of that date. Also, by negotiating for an agreement after 1983, defendant implicitly recognized plaintiffs' ownership of the driveway, thus defeating his own claim of a prescriptive easement. *(See,* 2 NY Jur, Adverse Possession, § 12.) Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Wallach, JJ.