■ Board of Managers of the Atrium Condominium, Respondent, v West 79th Street Corp., Appellant, et al., Defendants. [770 NYS2d 17]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about December 26, 2001, which, after a nonjury trial, declared that defendant West 79th Street Corp. (W79) held neither title to nor an easement over the vaults or West Cellar adjacent to and under the subject property, unanimously affirmed, without costs.

The adjacent vaults were common elements of the condominium building, and did not belong exclusively to W79, the owner of the commercial unit. It is true that the City owns the vaults and they may not be conveyed in fee simple (*see generally Matter of 71 Fifth Ave. Co. v City of N.Y. Dept. of Fin.*, 73 NY2d 861 [1989]). However, the Real Property Law defines "common elements" as including facilities designated as such in the declaration, and all other parts of the property necessary or convenient to its existence, maintenance and safety (Real Property Law § 339-e [3] [g], [h]). Section 339-e (11) defines "property" of a condominium as including "all easements, rights and appurtenances belonging thereto, and all other property, personal or mixed, intended for use in connection therewith." Thus, the vaults could be designated as common elements, as they were expressed in the architectural plans (the Lobell Plans) submitted with the offering plan and referenced in every document describing the areas of the commercial unit and the common elements. Furthermore, although it is uncontested that W79 owns a portion of the cellar, the East Cellar, and the adjacent vault on the east side, it owns only the condominium unit within the subject property, and does not own the adjacent land. Thus, W79 has no inherent right to possession and use of the vault adjacent to the East Cellar.

The court properly found that W79 did not own the West Cellar, based on the unambiguous documents (*see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 32 [2002]), which identify the Lobell Plans as the sole reference for defining the common elements, the commercial unit and the residential unit. It is uncontested that the Lobell Plans depict the West Cellar as a common element.

The provision of the declaration that granted the commercial unit ingress and egress, and the right to store items on the common elements and to make such use "as may be reasonably necessary incident to the operation of the Commercial Unit," does not grant the commercial unit an express easement for exclusive

use of the common elements as it sees fit, but is limited by the declaration's express terms. Nor does W79 have an implied easement, as it has failed to demonstrate that such purportedly exclusive access is reasonably necessary for the fair enjoyment of the commercial unit (*see Four S Realty Co. v Dynko*, 210 AD2d 622 [1994]; *cf. Monte v DiMarco*, 192 AD2d 1111 [1993], *lv denied* 82 NY2d 653 [1993]). There is no reason to overturn the trial court's reasonable determination rejecting W79's claim of an easement by estoppel (*see Olin v Kingsbury*, 181 App Div 348, 355 [1918]), inasmuch as the evidence supporting this claim was conflicting. Nor did W79 gain the West Cellar by adverse possession or an easement by prescription since it failed to prove the requisite period of hostile use (*see Bookchin v Maraconda*, 162 AD2d 393, 394 [1990]; 2 NY Jur 2d, Adverse Possession §§ 6, 12). Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Sullivan, JJ.