■ AMALGAMATED DWELLINGS, INC., Appellant, v HILLMAN HOUSING CORPORATION, Respondent. [822 NYS2d 499]—

Judgment, Supreme Court, New York County (Marylin G. Diamond, J.), entered April 7, 2005, which, after a nonjury trial, declared plaintiff not entitled to prescriptive easements over two areas of defendant's property for pedestrian and vehicular use, unanimously affirmed, without costs.

Plaintiff failed to prove the elements of a prescriptive easement by clear and convincing evidence (*see Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996]). Absent any proof that plaintiff's use of the disputed area of Hillman Park and Broome Street was open, notorious, continuous and under a claim of right, there is no presumption that such use was adverse or hostile—necessary for a finding of a prescriptive easement—and the burden thus never shifted to defendant property owner to show that the use was instead permissive (*Rivermere Apts. v Stoneleigh Parkway*, 275 AD2d 701, 702 [2000]). On the contrary, the evidence revealed that the relationship between the parties, both of whom were members of Co-Op Village, was one of neighborly cooperation and accom-

modation, thus giving rise to the inference that the use of the disputed areas was indeed permissive (*see Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003]; *Bookchin v Maraconda*, 162 AD2d 393, 394 [1990]). Nor did plaintiff prove that its payment to the shared management of Co-Op Village constituted payment for upkeep to the disputed areas in such a manner as to create a prescriptive easement. The judgment was supported by a fair interpretation of the evidence, particularly where the credibility of witnesses was central to the case (*Saperstein v Lewenberg*, 11 AD3d 289 [2004]), and should not be disturbed. We note that defendant concedes the existence of a pedestrian easement, the scope of which is not before us and which must be determined in further proceedings in Supreme Court. Concur—Tom, J.P., Saxe, Friedman, Catterson and McGuire, JJ.