■ JHAE MOOK CHUNG, Also Known as HAE MOOK ZHUNG, Respondent, v MAXAM PROPERTIES, LLC, et al., Appellants. [901 NYS2d 205]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered January 5, 2009, which, after a nonjury trial, inter alia, declared that the property owned by plaintiff includes an easement across defendants' adjoining property, unanimously affirmed, with costs.

The trial court's finding that plaintiff had been granted an easement over defendants' adjoining property was supported by a fair interpretation of the evidence (*see Claridge Gardens v*

*Menotti*, 160 AD2d 544, 545 [1990]). Although the document containing the express easement was ambiguous, the court properly considered the surrounding circumstances showing that when plaintiff purchased his property, he was also granted the right, by the owner of the adjoining property, to pass through the adjoining property's hallway to access the apartments in the rear portion of his property (*see Lewis v Young*, 92 NY2d 443, 449 [1998]; *Route 22 Assoc. v Cipes*, 204 AD2d 705 [1994]).

Alternatively, an implied easement exists over the defendants' adjoining property based upon plaintiff's preexisting and necessary use of the entrance, lobby, hallway and rear stairs to access the apartments in the rear of his property (*see West End Props. Assn. of Camp Mineola, Inc. v Anderson*, 32 AD3d 928, 929 [2006]). Further, the evidence demonstrated that plaintiff acquired an easement by prescription in that portion of defendants' adjoining property. Plaintiff's continued use of defendants' hallway since 1987, as well as the presence during that time of mailboxes and doorbells in the lobby of the adjoining property which corresponded to plaintiff's apartments, established plaintiff's continuing, open and notorious use, adverse to the interests of the owners of the adjoining property (*see generally Amalgamated Dwellings, Inc. v Hillman Hous. Corp.*, 33 AD3d 364 [2006]). Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.