■ 2281 FIRST REALTY, LLC, Respondent, v WARMINSTER INVESTORS CORPORATION, Also Known as WARMINSTER INVESTMENTS CORPORATION, Respondent, and ISA BRIJA et al., Appellants. [930 NYS2d 8]—

Plaintiff failed to establish prima facie there ever was "a unity and subsequent separation of title" to its property and Brecevich's property, a prerequisite to its claim of an easement by necessity in the gate in the wall between the two properties (*see Simone v Heidelberg*, 9 NY3d 177, 182 [2007]). As to its claimed entitlement to an easement by prescription, even if plaintiff made a prima facie showing that it used the gate openly, notoriously, and continuously for the statutory period, and adversely to Brecevich's interests, Brecevich raised a triable issue of fact through his affidavit stating that plaintiff had never used the gate, that the gate was always padlocked, and that only he had a key (*see Jhae Mook Chung v Maxam Props., LLC*, 73 AD3d 505 [2010]).

The motion court properly determined that the New York City Department of Parks and Recreation, which owns property adjacent to plaintiff's property, is not a necessary party to this action (*see* CPLR 1001; *Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 819-821 [2003], *cert denied* 540 US 1017 [2003]). Since the issue is whether plaintiff has an easement in the gate in the wall between its property and Brecevich's property, plaintiff can be afforded complete relief without the participation of the Parks Department, and the Parks Department will not be affected by a judgment in this action.

The court also properly declined to dismiss Warminster's cross claim (*see Whitney v Whitney*, 57 NY2d 731 [1982]). At the time that defendants Brija and Brecevich moved to dismiss, Warminster had not submitted an answer in the prior action against it and thus had not asserted any counterclaim. Moreover, the court properly directed the parties to advise it of any decisions in the prior action that might affect the cross claim in this action.

We have considered defendants' remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 31015(U).]**