Great Jones Studios Inc. v Wells (2021 NY Slip Op 00370)





Great Jones Studios Inc. v Wells


2021 NY Slip Op 00370


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Index No. 653104/15 Appeal No. 12933-12934 Case No. 2019-5322 

[*1]Great Jones Studios Inc., Plaintiff-Respondent,
v
Herbert Wells et al., Defendants-Appellants.


Jaffe & McKenna, New York (Bernard J. Jaffe of counsel), for appellants.
Tarter Krinsky & Drogin LLP, New York (Christopher M. Tumulty of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered June 4, 2019, which, inter alia, granted plaintiff's motion for partial summary judgment as to liability on its breach of contract claim and denied defendants' motion for summary judgment dismissing the complaint and on their declaratory judgment counterclaims, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered November 18, 2019, which to the extent appealed from as limited by the briefs, denied defendants' motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.
This action arises from defendants' alterations of the roof adjoining their cooperative unit, which resulted in substantial damage to the roof and building. In concluding that plaintiff's breach of contract claim was not barred by the statute of limitations, the motion court properly applied the continuing wrong doctrine. Contrary to defendants' contention, the relevant duty breached by them was the requirement in the proprietary lease to comply with all laws and ordinances. "[W]here it is alleged that the complained-of conduct constituted not merely a violation of the lease, but a lease violation consisting of illegal conduct or conduct causing ongoing damage to other apartments," the usual six-year statute of limitations for contract actions is tolled for harms that cause damage within the six-year period (1050 Tenants Corp. v Lapidus, 289 AD2d 145, 146 [1st Dept 2001]). Further, plaintiff demonstrated entitlement to partial summary judgment on the breach of contract claim by submitting undisputed evidence of such breach, including defendants' own expert's assertion that several of defendants' structures on the roof were "unsafe, not to code and ... a risk."
The continuing wrong doctrine also applies to plaintiff's nuisance claims, so that they are not barred by the applicable statute of limitations (CPLR 214[4]). The motion court properly denied summary judgment on the nuisance claim, since there are questions of fact, including as to the damages arising within the limitations period (see Lichter v 349 Amsterdam Ave. Corp., 8 AD3d 212 [1st Dept 2004] lv dismissed 3 NY3d 738 [2004]; 1050 Tenants Corp. at 146).
The motion court properly denied summary judgment as to the scope of defendants' roof easement under the proprietary lease and offering plan. Although reference to the offering plan was appropriate, given the lack of a specific description or hatch-marked drawing of the roof easement, an issue of fact remains as to its parameters (see Fairmont Tenants Corp. v Braff, 162 AD3d 442 [1st Dept 2018]; Board of Mgrs. of Atrium Condominium v West 79th St. Corp., 2 AD3d 246, 248 [1st Dept 2003]). Nor did defendants demonstrate entitlement to summary judgment on their claim of easement by prescription (see Fairmont Tenants Corp. at 443).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE [*2]DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2021